FILED

NOV 2 5 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CARLOS DEGLACE, *#04228-017*
   Plaintiff, *FCC Forrest City (Med)*
          *Pob 3000 - Unit C2*
vs.    *Forrest City AR.*
             *72335*

**DRUG ENFORCEMENT ADMIN,**
   Defendant.

                   /

CASE NUMBER  1:05CV02276

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 11/25/2005

Civ
Com

(Freedom of Information
Act 5 U.S.C. 552)

## COMPLAINT FOR DECLARATION AND INJUNCTION RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
552, as amended, to order the production of agency records described herein.

## JURISDICTION

This court has jurisdiction over this motion pursuant to the Freedom of
Information Act.  5 U.S.C. 552 (a)(4)(B).

## PARTIES

Plaintiff is Carlos Deglace, presently an inmate at FCC Forrest City (Med),
Arkansas, serving a 30-years sentence.

Defendant, Drug Enforcement Adminstration (DEA), is an agency of the
executive branch of the United States government, as defined by 5 U.S.C. 552(e)
and it has possession of and control over the records that plaintiff seeks.

By letter dated August 9, 2004, Plaintiff requested that Defendant provide
access to or copies of:

1

Information and documents pertaining to DEA informant Steven F. Ming, specifically-

a. Criminal history, record of arrests, convictions, warrants, or other pending criminal cases involving Mr. Ming.

b. All case names, case numbers and judicial district, federal, state or local, where Mr. Ming has testified under oath.

c. All instance where the Drug Enforcement Administration has intervened on Mr. Ming's behalf to assist him in avoiding criminal problems or prosecutions.

d. All adminstrative sanctions imposed on Mr. Ming by DEA for any dishonesty, false claims, or other deceit or behavior that DEA has deemed inappropriate.

A copy of the August 9, 2004 letter request is attached as "Exhibit A."

Defendant has responded to Plaintiff's request but Defendant has not provided Plaintiff with the requested documents ("Exhibit B"), nor the have they denied Plaintiff access to documents in their possession. <u>Benavides v. Drug Enforcement</u>, No. 90-5344 (D.C. Cir. 1992)(en banc). Over ten workings days have passed since the DEA received plaintiff's letter. Plaintiff appealled DEA's inaction ("Exhibit C"), and over twenty working days have passes since DEA received that appeal, which was eventually denied. ("Exhibit D")

Plaintiff has exhausted his administrative remedies under the Freedom of Information Act, 5 U.S.C. 552 (A)(6)(6).

Plaintiff has a statutory right to the record that he seeks, and there is no legal basis for defendant's refusal to disclose them to him.

Plaintiff also requests a fee waiver since release of the requested information will primarily benefit the general public and will be in the public interest.

2

WHEREFORE, Plaintiff prays that this Court:

1. Declare that Defendant's refusal to disclose the records requested by plaintiff is unlawful;

2. Order Defendant herein to immediately process and release the requested documents;

3. Order Defendant herein to waive all fees; and

4. Grant to Plaintiff any other relief as the interests of justice may require.

Respectfully submitted,

Dated: October 3 ,2005

Carlos Deglace, pro se
Reg.No.04228-/Unit C2
FCC FORREST CITY (MED.)
P.O. Box 3000
Forrest City, AR 72335

3

# EXHIBIT A

July___, 2004

Drug Enforcement Administration
Freedom of Information Section
700 Army-Navy Drive
Arlington, Virginia 22202

Re:  FOIA Request

Dear Sir/Madam:

I write to request documents under the Freedom of Inform-
ation Act, as amended, 5 U.S.C,. §'552 et. seq.  I'm requesting
access to or copies of any and all documents pertaining to DEA
informant Steven Francis Ming.  Ming's identifying information
is as follows:

    Steven F. Ming
    Date of Birth: 12-27-68
    Social Security Number: 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
    Beginning DEA Employment 1987
    USM No: 01718-017

I specifically request copies of the following documents:

1.  Criminal history, record of arrests, convictions,
warrants, or other pending criminal cases involving Mr. Ming.

2.  All case names, case numbers and judicial districts,
federal, state or local, where Mr. Ming has testified under oath.
I attach a partial list of cases or jurisdictions I have ident-
ified as Exhibit A.

3.  All instances where the Drug Enforcement Administration
has intervened on Mr. Ming behalf to assist him in avoiding
criminal problems or prosecutions.

4.  All administrative sanctions imposed on Mr. Ming by
DEA for any dishonesty, false claims, or other deceit or

Exhibit A

behavior that DEA has deemed inappropriate.

If, for reason, you choose not send the requested inform-
ation, please furnish me with a "Vaughn Index" as set forth in
Vaughn v. Rosen, 484 F.2d 820 (DC Cir. 1973), cert. denied, 415
US 977 (1974); Dept. of Justice v. Tax Analysts, 492 US 136, 109
S.Ct. 2841, 106 LEd.2d 112 (1989).

In the event that some of the documents are considered by
you to be exempted from disclosure under the Act, please include
all segregable portion of documents and the specific exemption
you are relying upon to deny disclosure of the exercised port-
ions. Note: In order to avoid disclosure, you must claim an
appropriate exemption under the Act.

I am requesting a fee waiver or at least a fee reduction;
however, if it should happen that you deny this request for
waiver; I hereby agree to pay the fees search and duplication
while retaining my right to appeal your decision.

I, Carlos Deglace HEREBY CERTIFY and SWEAR, under penalty of
perjury (28 USC § 1746; 18 USC §§ 1001, 1621), that the informat-
ion herein requested will not be used by or for any comercial
purpose.

The Inmate, Carlos Deglace has presented his identification
Card and did take an Oath that this Request is true and correct,
on this 9th day of Aug 2004.

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES

_____
Carlos Deglace
Reg.No.04228-017/C-A
FCI, Marianna
P.O. Box 7007
Marianna, FL 32447

MELISSA D. HALL
MY COMMISSION # DD 193124
EXPIRES: March 12, 2007
Bonded Thru Notary Public Underwriters

Exhibit A

2 of 2

STATE OF FLORIDA )
)
JACKSON COUNTY )

### AFFIDAVIT OF CARLOS DEGLACE

I, Carlos Deglace declare that the following is true and correct:

1. Steven Francis Ming worked for DEA Special Agent Brian McLaurin (assigned to DEA Division in Panama City, FL) since his arrest in 1987. Ming's Agency Case No. GT-87-0038.

2. Mr. Ming has cooperated in at least five cases, United States v. Riley, Case No. 5:96-CR-26-LAC (N.D.Fla.1996); United States v. Fenelon, Case No. 5:96-CR-27-LAC (N.D.Fla.1996); United States v. Deglace, Case No. 5:98-CR-LAC (N.D.Fla.1998); United States v. Manning, Case No. 5:99-CR-LAC (N.D.Fla.1999); and United States v. Smith, Case No. 00-CR-21-Mickle (N.D.Fla. 2000).

WHEREFORE, I, Carlos Deglace swear under penalty of perjury that the above information is true and correct.
Date July 9, 2004.

Carlos Deglace
Reg.No.04228-017/C-A
FCI, Marianna
P.O. Box 7007
Marianna, FL 32447

**EXHIBIT A**

# EXHIBIT B



**U.S. Department of Justice**

Drug Enforcement Administration

AUG 2 0 2004

*Washington, D.C. 20537*

Request Number:    04-1646-F

Subject of Request:    INFORMATION ON A THIRD PARTY — STEVEN F. MING

Carlos Deglace
FCI, Marianna
P.O. Box 7007
Marianna, FL 32447

Dear Carlos Deglace:

Your Freedom of Information Act request pertaining to another individual has been received and will not be processed by the Drug Enforcement Administration. This response neither confirms nor denies the existence of any requested records. Before the DEA can begin processing your request, it will be necessary for you to provide either proof of death or an original notarized authorization (privacy waiver) from Steven F. Ming.

Proof of death can be a copy of a notarized death certificate, obituary, or a recognized reference source. Waivers of personal privacy must be notarized, must specifically identify the person waiving privacy (including full name, date and place of birth, social security number and present address), and must be specifically directed to the DEA — permitting the DEA to release personal information (about the person executing the waiver) from its files. The waiver should be dated within a reasonable time period preceding the request, and the original copy of the waiver must be provided to the DEA.

If you submit either a copy of the proof of death or an original notarized authorization directly to the DEA, we will conduct a search of our records. In addition, to ensure an accurate search of our records, please provide your subject's complete name, date and place of birth, and social security number if you have not already done so.

Without proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records would be exempt from disclosure pursuant to Exemptions (b)6 and/or (b)7(C) of the Freedom of Information Act (FOIA), Title 5 U.S.C. Section 552.

If you wish to appeal this response, you may do so within 60 days pursuant to 28 C.F.R. 16.9. The appeal should be sent to the following address, with the envelope marked "FOIA Appeal".

Co-Director
Office of Information and Privacy
FLAG Building, Suite 570
Washington, D.C. 20530

Sincerely,

*Katherine Myrick*

Katherine L. Myrick
Chief, Operations Unit
FOI/Records Management Section

Exhibit B

# EXHIBIT C

October 10, 2004

Co-Director
Office of Information and Privacy
Flag Building, Suite 570
Washington, DC 20530

Re: FIOA Appeal, Request Number 04-1646-F

Dear Sir/Madam:

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the accompanying implementing regulations, I hereby appeal the letter of August 20, 2004, I received from Katherine L. Myrick of the Drug Enforcement Administration denying my request of August 9, 2004, for records and documents regarding DEA informant Steven F. Ming. Copies of the request and denial letter are attached as Exhibits A and B, respectively.

The requested records were withheld in their entirely on the ground that they pertain to a third party who has not submitted a notarized authorization for release of information. I confirm herewith that Ming is not dead and has not submitted a notarized authorization form. I believe, because both Mr. Ming and the Drug Enforcement Administration have repeatedly waived any privacy rights or exemptions in mumerous federal and state courts. In addition, much of what I have requested is based upon public records.

Through my own investigation, I have discovered the following clear waivers as to each specific request contained in my August 9 letter.

-1-

Exhibit C

1. **Criminal History-** the underlying requested materials are public records. Each arrest and conviction of Ming's has a corresponding public record police report, court docket sheet or like document. In addition, both Ming and the DEA have repeatedly waived any privacy rights by furnishing defense counsel in few of cases with Ming's criminal history and accompanying materials. As support for the position that a waiver has occurred, I have attached Exhibit C. Those documents have been obtained through my own independent investigation.

2. **Testimony in Open Court-**again, the underlying records requested are public records. The request seeks only a list of where and when (case names and numbers) Ming has testified as an informant. Ming has no privacy rights whatsoever as to his test-imony in open court. I have identified five(5) case where he cooperated or testified, and that list is attached to my August 9 request letter, Exhibit A attached. Ming testified in <u>United States v. Smith</u> and <u>United States v. Manning</u>, that he has cooperat-ed or testified more than 3 times since 1997. I seek a complete and up-to-date list of the cases where he has testified.

3. **Assistant to Ming by DEA-**the Drug Enforcement Administrat-ion has intervened to help Ming at least 5 times, and perhaps four times or more with criminal problems. Certainly as to the first incident, all privacy rights were waived by Ming and DEA years ago.

In September 1987, Ming met DEA Brian McLaurin for the first when he was arrested and charged for possession of cocaine base with intent to distribute it in Panama City, Florida. Ming was sentenced to 6-years of federal imprisonment for this case. In

Exhibit C

In November 1991, Ming was released from federal prison on parole.
In 1992, Ming was arrested on three different occasions. Ming re-
ceived 757 days for violation of federal parole, he was released
on August 1993. A few months later, February 23, 1994, Ming was
again arrested for possession of crack cocaine. In January 1995,
Ming was again taken into custody for violation of supervised re-
lease. In July 1996, after his release, Ming was arrested for
possession of cocaine by local authorities in Panama City, Florida.
See Exhibit D, Ming's State Sentencing, pg 3, attached. Ming was
on probation at the time, and an arrest warrant was issued for
him. (Id. at pgs 5,8) DEA Agent McLaurin, then of Panama City,
intervened on Mings' behalf to get the probation terminated and
reduced sentence. (Id. at pgs 4,12) On August 21, 1996, Ming
was sentenced to serve 12.9 months, rather than 30 months, in the
Department of Correctional for Florida. (Id. at pg 15) The clear
conclusion is that DEA Agent McLaurin has intervened a few times
for Ming. Given his open court admission, Ming and DEA have both
waived any privacy rights.

The release of the records is an appropriate excercise of
agency's discretion under the Freedom of Information Act, 5 USC
§ 552.

Therefore, I request disclosure of all reasonably segregable
non-exempt portions of the records and an accompanying index and
justification for any deletions with reference to specific FOIA
exemptions. See 5 USC § 552(b). This request for partial dis-
closure is without prejudice to my right to judicial review of

Exhibit C

-3-

judicial review of any agency decision to withhold records or delete information.

In the event some or all of the requested information continuous to be withheld, I request an index of all withheld information accompanied by justication with reference to specific FOIA exemptions. I look forward to receiving your reply within twenty(20) business days, as required by law.

Sincerely,

Carlos Deglace
Reg.No. 04228-017/Unit C-2
FCC Forrest City, Medium
P.O. Box 3000
Forrest City, AR 72335

Exhibit C

# EXHIBIT D



**U.S. Department of Justice**

Office of Information and Privacy

_Telephone: (202) 514-3642_                    _Washington, D.C. 20530_

AUG 0 4 2005

Mr. Carlos Deglace
Register No. 04228-017, Unit C-2
Federal Correctional Institution    Re:  Appeal No. 05-0192
Post Office Box 3000                       Request No. 04-1646-F
Forrest City, AR  72335                    RLH:KDC:JHA

Dear Mr. Deglace:

    You appealed from the action of the Drug Enforcement
Administration on your request for access to records concerning
Steven Francis Ming.

    After carefully considering your appeal, and as a result of
discussions between the DEA and a member of my staff, the DEA
conducted a search for records pertaining to Mr. Ming and located
records responsive to your request.  However, in the absence of
Mr. Ming's consent, proof of his death, or an overriding public
interest, the records you requested are protected from disclosure
under the Freedom of Information Act pursuant to 5 U.S.C.
§ 552(b)(7)(C).  This exemption concerns records or information
compiled for law enforcement purposes, the release of which could
reasonably be expected to constitute an unwarranted invasion of the
personal privacy of third parties.  I have also determined that this
information is not appropriate for discretionary release.

    If you are dissatisfied with my action on your appeal, you may
seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

                                    Sincerely,

                                    Richard L. Huff
                                    Co-Director

Exhibit D