## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **CARLOS DEGLACE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 05-2276 (CKK)** |
| | ) | |
| **DRUG ENFORCEMENT ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| ———————————————————— | ) | |

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendant Drug Enforcement Administration, by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby respectfully moves for summary judgment in this case brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Summary judgment is sought on the grounds that there are no material facts in dispute and that defendants are entitled to judgment as a matter of law.

A statement of material facts as to which there is no genuine dispute and a memorandum of points and authorities with supporting declarations and exhibits are filed herewith.

Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendants' motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

February 16, 2006                     Respectfully submitted,


_____/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


_____/s/_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


_____/s/_____
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7157

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CARLOS DEGLACE,                          )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )   Civil Action No. 05-2276 (CKK)
                                         )
DRUG ENFORCEMENT ADMINISTRATION, )
                                         )
            Defendant.                   )
_____ )

DEFENDANTS' MEMORANDUM IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT

      In this Freedom of Information Act, 5 U.S.C. § 552 (FOIA) matter, plaintiff Carlos

Deglace seeks "information and records pertaining to DEA informant Steven F. Ming" See

Complaint ("Comp.") at p.2.  Defendant Drug Enforcement Administration (DEA), a

subcomponent of the Department of Justice, has denied plaintiff's request for records under

Exemptions b(6) and b(7)(C) of the FOIA.  For the reasons set forth below, defendant submits

that the withholding determination should be affirmed by this Court.


I.    **FACTUAL BACKGROUND AND PROCESSING OF PLAINTIFF'S REQUEST**

      Plaintiff Carlos Deglace is presently an inmate at FCC Forrest City (Med), Arkansas,

serving a 30 year sentence.  See Comp. at p.1.   By letter attested to on August 9, 2004, Mr.

Deglace requested "access to or copies of any and all documents pertaining to DEA informant

Steven Francis Ming."  See Comp. Ex. 1; Declaration of William C. Little ("Little Dec.") at ¶

-1-

12.[1]  Mr. Deglace provided a date of birth, social security number, and a "beginning DEA employment" date for Mr. Ming.  See Comp. Ex. A; Little Dec. at ¶ 12 and Ex. A thereto.  Mr. Delgace listed several specific categories of records that he sought through his request, all of which pertained to Mr. Ming.  See id.

By letter dated August 20, 2004, DEA acknowledged the receipt of Mr. Deglace's request.  See Little Dec. at ¶ 13 and Ex. B.  Without confirming or denying the existence of records relating to Steven Ming, Mr. Deglace was informed that proof of death or a release authorization was required before his request could be processed.  The DEA's response went on to explain that "[w]ithout proof of death or an original notarized authorization, to confirm the existence of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy.  Such records would be exempt from disclosure pursuant to Exemptions (b)6 and b(7)(C) of the Freedom of Information Act."  See id.  Mr. Deglace was also notified of his appeal rights.  See id.

By letter dated October 10, 2004, Deglace appealed the DEA determination.  See Little Dec. at ¶ 14 and Ex. C.  By letter dated August 10, 2005, OIP informed Mr. Deglace that the DEA did conduct a search for responsive records, and located responsive records.  Given the absence of Mr. Ming's consent, proof of death, or an overriding public interest, OIP affirmed the determination that the records requested were exempt from disclosure under b(7)(C).  See Little Dec. at ¶ 15 and Ex. D.  Plaintiff's federal court Complaint was accepted for filing by this Court

---

[1]William C. Little is an attorney with the DEA, Office of Chief Counsel, Administrative Law Section.  His primary responsibility are with matters arising under the FOIA.  He is familiar with the Complaint in this action and personally conducted a review of the contents of the file and records maintained by the DEA FOIA Unit.  See Little Dec. at ¶¶ 1-11.

on November 25, 2005.

## II.    <u>STANDARD OF REVIEW</u>

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56,

which provides that the "judgment sought shall be rendered forthwith if . . . there is no genuine

issue as to any material fact." Fed. R. Civ. P. 56(c). Where no genuine dispute exists as to any

material fact, summary judgment is required. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242

(1986). A genuine issue of material fact is one that would change the outcome of the litigation.

<u>Id.</u> at 248. "The burden on the moving party may be discharged by 'showing' -- that is, pointing

out to the [Court] -- that <u>there is an absence of evidence to support the non-moving party's case</u>."

<u>Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.</u>, 833 F.2d 1560, 1563 (Fed. Cir. 1987),

(quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (emphasis in original)).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

<u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Thus, to avoid

summary judgment, the plaintiff must state specific facts or present some objective evidence that

would enable the court to find he is entitled to relief. In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317

(1986), the Supreme Court held that, in responding to a motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an

essential element of [his] case" to establish a genuine dispute. <u>Id.</u> at 322-23.

In an opinion issued the same day as <u>Celotex</u>, the Supreme Court attempted to explain

under what circumstances summary judgment is appropriate:

If the evidence is merely colorable, . . . or is not significantly probative, . . .

summary judgment may be granted . . . [T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

Anderson v. Liberty Lobby, Inc., 477 U.S. at 249-50, 252.  See Johnson v. Digital Equipment Corp., 836 F. Supp. 14, 15 (D.D.C. 1993).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327.

FOIA cases are typically resolved on summary judgment.  See Cooper Cameron Corp. v. Department of Labor, 280 F.3d 539, 543 (5th Cir. 2002).  To discharge its burden, the defendant-agency must prove that each document that falls within the class of requested records has either been produced, is unidentifiable, or is exempt.  See National Cable Television Ass'n, Inc. v. Federal Communications Commission, 479 F.2d 183, 186 (D.C. Cir. 1973).  In a FOIA case, the Court typically adjudicates summary judgment solely on the basis of information provided in affidavits or declarations when the affidavits or declarations describe, "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981).  See also Weisberg v. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984).   The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all nondisclosures.  See 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 755 (1989).

III.   **ARGUMENT**

A.   **Plaintiff Has Not Provided Proof of Death or a Notarized Privacy Act Waiver From Steven Ming**

Plaintiff's FOIA request sought records concerning a third party, Steven Ming.  See Little Dec. at ¶ 16.  The information related to Mr. Ming is reasonably likely to be contained or maintained in the (1) DEA Investigative Reporting and Filing System, JUSTICE/DEA-008, (2) the DEA Planning and Inspection Division Records, JUSTICE/DEA-010, (3) DEA Operations Files, JUSTICE/DEA-011.  See Little Dec. at ¶ 16.  Information relative to the status of Mr. Ming as a confidential source, if any such record exists, is reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011.  See id.  These systems are Privacy Act Systems of records.  See id.  The DEA Investigative Reporting and Filing System (IRFS), the DEA Planning and Inspection Records and the DEA Operations Files are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2) and (k)(2) as published in the Department of Justice Agency Rules at 28 Code of Federal Regulation § 16.98.  See id. at ¶ 17.

Since these are Privacy Act systems of records, access by a third party may only be had if (1) the requester can provide proof of death; (2) the requester has written authorization from the third party; or (3) if release is required under the FOIA.  See Little Dec. at ¶ 18.  To date, however, there is no record that Mr. Ming is dead or that plaintiff has obtained a written authorization for release.  See id. at ¶ 19.  Mr. Deglace acknowledges as much.  See Comp., Ex. C . ("I confirm herewith that Ming is not dead and has not submitted a notarized authorization form.").  Consequently, the only basis upon which plaintiff can obtain access to the documents is if access is required under the FOIA, see Little Dec. at ¶ 18, 19 to which defendant now turns.

-5-

**B.    Plaintiff's Request for Records Concerning a Third Party Was Properly Denied Under Exemptions 6 and 7(C)**

      1.    Exemptions 6 and 7(C)

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The exemption is meant "to protect individuals from a wide range of embarrassing disclosures," pertaining to the intimate details of their lives. Rural Housing Alliance v. Department of Agriculture, 498 F.2d 73, 77 (D.C. Cir. 1974). Exemption 7(C) of the FOIA exempts from mandatory disclosure information compiled for law enforcement purposes when disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); see also National Archives and Records Administration v. Favish, 541 U.S. 157, 165 (2004); Nation Magazine v. United States Customs Service, 71 F.3d 885, 893 (D.C. Cir. 1995); SafeCard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir. 1991). The D.C. Circuit has acknowledged that "the difference between the standards for the two exemptions 'is of little import' except when analyzing 'the magnitude of the public interest that is required to override the respective privacy interests protected by the exemptions.'" Horowitz v. Peace Corps., 428 F.3d 271, 279 n.2 (D.C. Cir. 2005) (quoting United States Department of Defense v. Fed. Labor Relations Auth., 510 U.S. 487, 496 n. 6 (1994)). Since the 7(C) standard has been construed to be broader than Exemption 6, see Judicial Watch v. Department of Justice, 365 F.3d 1108, 1125 (D.C. Cir. 2004) (citing Favish, 541 U.S. at 165), DEA will focus on the Exemption 7(C) analysis in this memorandum.

    2.      Mr. Ming Has a Substantial Privacy Interest in Not Having Law
              Enforcement Records About Him Made Public

Applying Exemption 7(C) involves a multi-step analysis. The first step is determining whether the information has been compiled for a "law enforcement purpose." The term "law enforcement purpose" includes enforcement of civil and criminal statutes, as well as those statutes authorizing administrative (i.e., regulatory) proceedings. See Center for Nat'l Policy Review v. Weinberger, 502 F.2d 370, 373 (D.C. Cir. 1974). In this case, (1) DEA is a law enforcement agency, (2) the plaintiff is seeking information about someone whom he believes to be an informant and who has testified at several criminal trials, and (3) the records sought by plaintiff concern Mr. Ming's "criminal history, " criminal trials in which he has testified, and his specific interactions with DEA. See Comp., Ex. A. On these bases, the "law enforcement purpose" element of Exemption 7(C) is readily satisfied. See Quinon v. FBI, 86 F.3d 1222, 1228 (D.C. Cir.1996) (holding that "less exacting proof" of a legitimate law enforcement purpose is required of law enforcement agencies); Pratt v. Webster, 673 F.2d 408, 420-21 (D.C. Cir.1982).

The next step is to determine if there is a privacy interest. A privacy interest sufficient to justify application of Exemption 7(C) has been found to exist in a wide variety of circumstances. See Favish, 541 U.S. at 170-71 (family members have a privacy interest in photographs of deceased relative); United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 763 (1989) (subjects of "rap sheets" have privacy interest); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996) (suspects and witnesses who are identified in agency records in connection with law enforcement investigations); Nation Magazine 71 F.3d at 894 (same); Davis v. U.S. Dept. of Justice, 968 F.2d

-7-

1276, 1281 (D.C. Cir. 1992) (privacy interest in confidential informant's testimony); <u>Lesar v.</u> <u>U.S. Dept. of Justice</u>, 636 F.2d 472, 487-88 (D.C. Cir. 1980) (law enforcement officers who work on criminal investigations have valid privacy claim).

This privacy interest goes beyond just disclosure of the identity of the individual, but extends to <u>any</u> information compiled for law enforcement purposes which, if released, "could be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C). "The concept of personal privacy under Exemption 7(C) is not some limited or 'cramped notion' of that idea.  Records or information are not to be released under the Act if disclosure 'could reasonably be expected to constitute an unwarranted invasion of personal privacy.'" <u>Favish</u>, 541 U.S. at 165 (internal citations omitted); <u>see also</u> <u>id</u>. at 166 ("where the subject of the documents is a private citizen, the privacy interest is at its apex.") (quoting <u>Reporter's Committee</u>, 489 U.S. at 780).

Here, plaintiff seeks documents concerning Mr. Ming's (alleged) criminal history; case names and case numbers in which he testified; documents concerning instances where the DEA has intervened on Mr. Ming's behalf, and any administrative sanctions imposed on Mr. Ming by DEA.  <u>See</u> Comp. Ex. A.  These documents "easily fall under the purview of an individual's 'interest in avoiding disclosure of personal matters,' and controlling 'information concerning his or her person.'" <u>Judicial Watch</u>, 365 F.3d at 1125 (quoting <u>Reporters Comm.</u>, 489 U.S. at 762-63); <u>see also</u> Little Dec. at ¶ 24 (explaining that the release of information about an individual contained in law enforcement records can have a potentially stigmatizing or embarrassing effect on individuals).  Thus, DEA submits that it has met its burden to show that there is a privacy interest in the records at issue in this case.

-8-

3.    The Fact That Mr. Ming Has Testified at Trial or Assisted the DEA Does Not Waive His Privacy Interest

In Degalce's appeal to OIP, he claimed that Mr. Ming has waived his privacy interest in the requested records. See Comp., Ex. C. Deglace asserts that: (1) that the materials are "public records" because they allegedly appear on state and federal court dockets, or because they have been provided to defense counsel in criminal proceedings; (2) that Mr. Ming's testimony in a series of criminal trials eliminates his privacy interest; (3) that Mr. Ming's alleged cooperation with the DEA constitutes a waiver. Each of these contentions is belied by the relevant law construing the scope of the privacy interest recognized in Exemption 7(C) and what is deemed to constitute a waiver of that interest.

First, with respect to Mr. Deglace's claim that the information he seeks is already publicly available, it must first be noted that a party who asserts that material is publicly available carries the burden of production on that issue. See Occidental Petroleum Corp. v. SEC, 873 F.2d 325, 342 (D.C.Cir.1989); McGehee v. Casey, 718 F.2d 1137, 1141 n. 9 (D.C. Cir. 1983). Moreover, as this Circuit has recognized:

> The "public domain" doctrine has been changed, if not eradicated by the Supreme Court's decision in United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). See Davis v. United States Dep't of Justice, 968 F.2d 1276, 1279 (D.C. Cir. 1992). As the public domain doctrine stands today, a party can only gain access to information withheld by the government under a FOIA exemption if it can "point to 'specific' information identical to that being withheld" that is publicly available. Davis, 968 F.2d at 1280.

Isely v. Executive Office of United States Attorneys, 203 F.3d 52 (Table), 1999 WL 1021934 (D.C. Cir. Oct. 21, 1999). Thus, to overcome the 7(C) privacy interest on the basis that the requested materials are publicly available, Mr. Deglace must show that there is a "permanent

public record" of a document that is responsive to his FOIA request.  Davis, 968 F.2d at 1280.

      The record in this case does not even come close to satisfying this considerable showing. In his FOIA appeal letter, Mr. Deglace included an attachment which purports to be part of a letter to a "Steven L. Seliger, Esq."  See Ex. E.  While the author of the letter is not indicated on the portion that was provided to DEA, the fax header states "U.S. Attorney, Tallahassee," which suggests that this is part of a communication from a federal prosecutor to Mr. Seliger (who is likely a defense lawyer, though his client is not clear from the text of the communication).  The fact that a document may hypothetically reside in the files of a defense attorney does not mean that the document is *publicly* available for purposes of the FOIA.  See, e.g., Blanton v. Department of Justice, 63 F. Supp.2d 35, 45 (D.D.C. 1999) (explaining that what is required is a "permanent public record of the exact [information] he wishes.") (quoting Davis, 968 F.2d at 1280).  To the contrary, documents that were provided by a United States Attorney's Office to a defense lawyer as part of pretrial discovery responses some 5 years before the FOIA request is the paradigm of information that has become practically obscure.  Indeed, the "practical obscurity" concept expressly recognizes that the passage of time may increase the privacy interest at stake when disclosure would revive information that was once public knowledge but has long since faded from memory.  See Assassination Archives & Research Center v. CIA, 903 F. Supp. 131, 133 (D.D.C. 1995); Steinberg v. Department of Justice, 179 F.R.D. 366, 370 (D.D.C. 1998) (citing Reporters Committee, 489 U.S. at  767

      Second, the fact that Mr. Ming testified at trial does not in and of itself waive the 7(C) exemption claim.  Under the Circuit's Davis decision, the fact that they Ming testified only bars the government from withholding the testimony itself.  See Davis, 968 F.2d at 1280.  Plaintiff

-10-

has not requested any of Mr. Ming's trial testimony.  Further, the fact that one chose to or was required to testify at a trial does not amount to a waiver of personal privacy.  See Jones v. FBI, 41 F.3d at 238, 247 (6th Cir. 1994); Burge v. Eastburn, 934 F.2d 577, 579 (5th Cir. 1991) (affirming refusal, under Exemption 7(C), to confirm or deny existence of information in FBI files regarding individuals who testified at plaintiff's murder trial).

Finally, the fact that Mr. Ming is alleged to have provided assistance to the DEA is of no moment in the 7(C) analysis.  Even assuming Mr. Ming's status as an informant as alleged in appellant's complaint, the case law acknowledging that informants have a privacy interest is well-established.  See generally Computer Professionals for Social Responsibility v. United States Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996) ("[T]he names of informants [and] witnesses [in a criminal investigation] ... clearly fall within the scope of Exemption 7(C).").  In fact, the FOIA statute specifically proscribes the release of information that could reasonably be expected to disclose the identity of a confidential source.  See 5 U.S.C. § 552(b)(7)(D).  Far from being a basis for disclosure, Mr. Ming's alleged status as an informant, would, if anything, further justify the withholding of the information sought through this FOIA request.

    4.  Plaintiff Has Not Identified any Public Interest that Would be Served by Release of the Requested Records

Since exemption 7(C) proscribes only the release of records that would constitute an unwarranted invasion of personal privacy, see 5 U.S.C. § 552(b)(7)(C), the privacy interest must be balanced against the public interest, if any, that would be served by disclosure.  Reporters Committee, 489 U.S. at 776; Schrecker v. Department of Justice, 254 F.3d 162, 166 (D.C. Cir. 2001); Mays v. Drug Enforcement Administration, 234 F.3d 1324, 1327 (D.C. Cir. 2000).

The public interest in disclosure under 7(C) is limited to the FOIA's core purpose of "shed[ing] light on an agency's performance of its statutory duties." Reporters Committee, 489 U.S. at 773; see also id. (the public interest is "not fostered by disclosure of information about private citizens that is accumulated in various government files but that reveals little or nothing about an agency's own conduct."). When a request seeks personal information but no official information about a government agency, the invasion of privacy is per se unwarranted. See Favish 541 U.S. at 171-72; Reporter's Committee, 489 U.S. at 780. Information that does not directly reveal the operations or activities of the government falls outside the ambit of the public interest that FOIA was enacted to serve. See Reporter's Committee, 489 U.S. at 775. Therefore, where a privacy interest is at stake, requested records may be withheld if the information sought does not reveal anything about the government's operations. See Favish, 541 U.S. at 174. Rarely does a public interest outweigh an individual's privacy interest when law enforcement information pertaining to individuals is sought. See Fitzgibbon v. CIA, 911 F.2d 755, 768 (D.C. Cir. 1990); Senate of Puerto Rico v. United States Department of Justice, 823 F.2d 574, 588 (D.C. Cir. 1987).

Neither Mr. Deglace's FOIA request nor his Complaint identify any public interest to be served by the release of the requested information concerning Mr. Ming. Mr. Deglace is presently incarcerated; it may well be the case that he is seeking these records in order to challenge his conviction or obtain some other form of habeas relief. The public interest in disclosure, however, "does not include helping an individual obtain information for his personal use." Oguaju v. United States, 288 F.3d 448, 450 (D.C. Cir. 2002) (quoting Mays v. DEA, 234 F.3d 1324, 1327 (D.C. Cir. 2000)), vacated by Oguaju v. United States Marshals Service, 541

-12-

U.S. 970 (2004), <u>judgment reinstated by</u> <u>Oguaju v. United States</u>, 378 F.3d 1115 (D.C. Cir.

2004), <u>modified</u>, 386 F.3d 273 (D.C. Cir. 2004).  In this regard, courts have consistently refused

to recognize any public interest in the disclosure of information solely to assist a prisoner in

challenging his conviction.  <u>See, e.g.</u>, <u>Neely v. Federal Bureau of Investigation</u>, 208 F.3d 461,

464 (4th Cir. 2000); <u>Hale v. United States Dep't of Justice</u>, 973 F.2d 894, 901 (10th Cir.1992),

<u>vacated on other grounds</u>, 509 U.S. 918 (1993); <u>Landano v. Department of Justice</u>, 956 F.2d 422,

430 (3d Cir. 1991), <u>rev'd on other grounds</u>, 508 U.S. 165 (1993).

    As the D.C. Circuit has observed, "something, even a modest privacy interest, outweighs

nothing every time."  <u>National Ass'n of Retired Federal Employees v. Horner</u>, 879 F.2d 873, 879

(D.C. Cir. 1989) ("<u>NARFE</u>"); <u>see also</u> <u>Horowitz v. Peace Corps</u>, 428 F.3d 271, 278 (D.C. Cir.

2005).  The complete absence of any public interest cognizable under the FOIA would tip the

balance in favor of non-disclosure even if the asserted privacy interest was minor.  Here,

however, plaintiff seeks substantial information about a third party and that third party's alleged

association with the government (and specifically the DEA) with respect to criminal proceedings.

<u>See</u> Comp., Ex. A.   The public interest/privacy interest balance is not even a close one, and

plainly calls for the withholding of the requested records under Exemption 7(C).

    **C.    Segregability**

    FOIA requires that if a record contains information that is exempt from disclosure, any

"reasonably segregable" information must be disclosed after deletion of the exempt information

unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. §

552(b); <u>Mead Data Cent., Inc. v. United States Dept. of the Air Force</u>, 566 F.2d 242, 260 (D.C.

Cir. 1977). The agency must provide a "detailed justification" to demonstrate that all reasonably

segregable information has been released, <u>Mead Data</u>, 566 F.2d at 261, and show "with reasonable specificity" why a document cannot be further segregated. <u>Armstrong v. Executive Office of the President</u>, 97 F.3d 575, 578-79 (D.C. Cir.1996). Further, this Circuit has held that a reviewing court has an obligation to consider segregability <u>sua sponte</u>. <u>See Trans-Pacific Policing Agreement v. United States Customs Service</u>, 177 F.3d 1022 (D.C. Cir. 1999). Here, because plaintiff <u>exclusively</u> seeks information about a third party, all of the information sought is exempt under Exemption 7(C) for the reasons set forth above.[2]

## IV.    <u>CONCLUSION</u>

Wherefore, defendants request that their Motion for Summary Judgment be Granted, that judgment be entered for defendant, and that this matter be dismissed with prejudice.

February 16, 2006                        Respectfully submitted,

                                         _____/s/_____
                                         KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                         United States Attorney

                                         _____/s/_____
                                         R. CRAIG LAWRENCE, D.C. BAR # 171538
                                         Assistant United States Attorney

---

[2]For the same reason, defendant has not included a <u>Vaughn</u> index with its Declaration. . "When . . . a claimed FOIA exemption consists of a generic exclusion, dependent upon the category of records rather than the subject matter which each individual record contains, resort to a <u>Vaughn</u> index is futile." <u>Church of Scientology v. IRS</u>, 792 F.2d 146, 152 (D.C. Cir. 1986) (citing numerous cases in support of this proposition).

_____/s/_____
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7157

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on this 16th day of February, 2005, I caused the foregoing Motion for Summary Judgment to be served on plaintiff *pro se*, postage prepaid  and addressed as follows:

Carlos Deglace
#04228-017
FCC- Forrest City (MED)
POB 3000-Unit C2
Forrest City, AK 72335

/s/
PETER D. BLUMBERG
Assistant United States Attorney