UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS DEGLACE, | ) |
| Plaintiff | ) |
| v. | ) |
| | ) Civil Action No. 05-2276 (CKK) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| Defendant | ) |

## DECLARATION OF WILLIAM C. LITTLE, JR.

I, William C. Little, Jr., hereby make the following Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

1. I am an Attorney admitted in and a member in good standing in the Bar of the State of Pennsylvania.

2. I am currently employed as a practicing attorney by the United States Department of Justice (DOJ), Drug Enforcement Administration (DEA), where I am assigned to the Office of Chief Counsel, Administrative Law Section.

3. Within the DEA Office of Chief Counsel, I am an attorney whose primary responsibilities are matters involving the Freedom of Information Act (FOIA), 5 U.S.C.§ 552 and Privacy Act (PA), 5 U.S.C. § 552a, litigation in which DEA is an interested party. I have served in this capacity since about April 26, 1999. In addition, between April 26, 1999 and November 18, 2003, I served as the DEA Privacy Officer.

4. As an attorney, I have been involved in FOI/PA since 1994. I have received formal, informal and on the job training in the FOI/PA, and the administration of Federal records and PA Systems of Records.

5. I am familiar with the DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and PA, and DEA PA Systems of Records.

6. Within the DEA office of Chief Counsel, I am responsible for review, for litigation purposes, of both the initially processed and appealed, FOI/PA requests that are received by DEA, and provide litigation support for matters arising under the Freedom of Information Act and the Privacy Act (PA) in which DEA is an interested party.

7. I prepare, and review and supervise the preparation of, affidavits, declarations, responses to discovery motions, interrogatories and other court pleadings, and all necessary legal research on issues arising during the course of the prosecution or defense of FOI/PA actions in which DEA is a party.

8. As the DEA Privacy Officer, I became was familiar with, and provided support and guidance to DEA employees and offices in matters relating to DEA's administration of the Privacy Act and the maintenance of Privacy Act Systems of Records. The support also includes the administration of DEA's Privacy Act System Notices, and training of DEA employees in FOIA and PA. In addition, I adjudicated Requests for Amendment of Records submitted to DEA, under the Privacy Act.

9. The purpose of this declaration is to respond to Plaintiff's complaint brought under the Privacy Act.

10. In preparing this declaration, I read and am familiar with the complaint in the above entitled action. Also, I personally conducted a litigation review of the contents of the file and records maintained by the DEA Freedom of Information Operations Unit (SARO).

11. SARO is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by SARO that relate to the search for, and the processing and release of information responsive to FOI/PA requests received by the DEA.

## SUMMARY OF CORRESPONDENCE AND ADMINISTRATIVE ACTION

12. By letter attested to on August 9, 2004, the plaintiff requested "access to or copies of any and all documents pertaining to DEA informant Steven Francis Ming." The plaintiff provided

-3-

Steven Ming's date of birth, social security number "Beginning DEA Employment 1987" and specified several types and categories of records that he was seeking. A copy of the plaintiff's letter is attached as Exhibit A.

13. By letter dated August 20, 2004, DEA acknowledged the receipt of the plaintiff's request. Without confirming or denying the existence of records relating to Steven Ming, the plaintiff was informed that proof of death or a release authorization was required before any information would be released, and of his appellate rights. The DEA determination was based on FOIA Exemptions (b)(6) and (b)(7)(C). A copy of the DEA letter dated August 20, 2004, is attached as Exhibit B.

14. By letter dated October 10, 2004, the plaintiff appealed the DEA determination. A copy of the plaintiff's letter dated October 10, 2004, is attached as Exhibit C.

15. By letter dated August 10, 2005, OIP affirmed the DEA action. A copy of the OIP determination dated August 10, 2005, is attached as Exhibit D.

16. Based upon the plaintiff's letter dated August 9, 2004, the letter was interpreted as a request for investigative, disciplinary and personnel records related to a third party, and information relative to an individual's status as a confidential source. The investigative and disciplinary information, and personnel records related to Steven Ming are reasonably likely to be contained

or maintained in the DEA Investigative Reporting and Filing System, JUSTICE/DEA-008, and/or the DEA Planning and Inspection Division Records, JUSTICE/DEA-010. Information relative to the status of Mr. Ming as a confidential source, if any record exists, is reasonably likely to be found in the DEA Operations Files, JUSTICE/DEA-011. These systems are Privacy Act Systems of records.

17. The DEA Investigative Reporting and Filing System (IRFS), the DEA Planning and Inspection Records and the DEA Operations Files are exempt from the access provisions of the Privacy Act pursuant to 5 U.S.C. § 552a(j)(2) and (k)(2) as published in the Department of Justice Agency Rules at 28 Code of Federal Regulation § 16.98.

18. As Privacy Act systems of records, except when exempt, the conditions of disclosure are, in pertinent part, pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains or providing proof of death, unless disclosure of the record would be required under the Freedom of Information Act, 5 U.S.C. § 552, or pursuant to the order of a court of competent jurisdiction.

19. To date, there is no record that the plaintiff provided proof of death or a written authorization for release, no court order was received by DEA, and release is not required by the Freedom of Information Act, pursuant to FOIA Exemptions, (b)(6), (b)(7)(C).

## WITHHOLDING PURSUANT TO FOIA EXEMPTION (b)(7)
### Exemption (b)(7) Threshold

20. DEA's investigative jurisdiction derives from the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (hereinafter, the Act) which authorizes DEA to enforce the Act through the investigation of incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate and international levels; seize and forfeit assets derived from, traceable to, or intended to be used for illicit drug trafficking, cooperate with counterpart agencies abroad and to exchange information in support of drug traffic prevention and control.

21. The records deemed responsive that are contained in the DEA Investigative Reporting and Filing System, Operations Files and the Inspection and Planning Records to the extent that they involve possible criminal offenses, are criminal investigative records. The records were compiled during criminal law enforcement investigations by DEA.

### Exemption (b)(6) and (b)(7)(C) - Invasion of Privacy

22. The FOIA, 5 U.S.C. § 552 (b)(7)(C), sets forth an exemption for records or information compiled for law enforcement purposes the disclosure of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. Similarly, FOIA, 5 U.S.C. § 552 (b)(6), sets forth an exemption for personnel, and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

23. In making the determination to withhold information, the individuals' privacy interests are balanced against any discernible public interest in disclosure of an individual's identity or information related to an individual. The public interest in disclosure of the information is determined by whether the information in question would inform the plaintiff or the general public about DEA's performance of its mission to enforce federal criminal and Controlled Substance Act statutes and/or how DEA conducts its internal operations and investigations. Where there is no legitimate public interest in the information withheld under exemption (b)(6) and/or (b)(7)(C), release of any information about an individual would constitute an unwarranted invasion of that agent's personal privacy.

24. Documents found in IRFS, the Inspection and Planning Records and the Operations Files generally relate to and contain the names and other identifying information which would reveal the identity of and disclose personal information about individuals who were involved or associated with criminal activity. The release of such information can have a potentially stigmatizing or embarrassing effect on the individuals and cause them to be subjected to unnecessary public scrutiny and scorn.

25. In this instance, the privacy interests outweighed any potential interest. The plaintiff has failed to assert and/or provide any information showing a public interest that would overcome the privacy interest of Steven Ming or any other individual. Thus, disclosure of any information would be an unwarranted invasion of Steven Ming's personal privacy.

26. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

February 16, 2006
DATE

William C. Little, Jr.
Senior Attorney
Office of Chief Counsel
Administrative Law Section
Drug Enforcement Administration
Washington, D.C. 20537

-8-