October 10, 2004

Co-Director
Office of Information and Privacy
Flag Building, Suite 570
Washington, DC 20530

Re: FIOA Appeal, Request Number 04-1646-F

Dear Sir/Madam:

    Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, and the accompanying implementing regulations, I hereby appeal the letter of August 20, 2004, I received from Katherine L. Myrick of the Drug Enforcement Administration denying my request of August 9, 2004, for records and documents regarding DEA informant Steven F. Ming. Copies of the request and denial letter are attached as Exhibits A and B, respectively.

    The requested records were withheld in their entirely on the ground that they pertain to a third party who has not submitted a notarized authorization for release of information. I confirm herewith that Ming is not dead and has not submitted a notarized authorization form. I believe, because both Mr. Ming and the Drug Enforcement Administration have repeatedly waived any privacy rights or exemptions in mumerous federal and state courts. In addition, much of what I have requested is based upon public records.

    Through my own investigation, I have discovered the following clear waivers as to each specific request contained in my August 9 letter.

-1-

1. **Criminal History**- the underlying requested materials are public records. Each arrest and conviction of Ming's has a corresponding public record police report, court docket sheet or like document. In addition, both Ming and the DEA have repeatedly waived any privacy rights by furnishing defense counsel in few of cases with Ming's criminal history and accompanying materials. As support for the position that a waiver has occurred, I have attached Exhibit C. Those documents have been obtained through my own independent investigation.

2. **Testimony in Open Court**-again, the underlying records requested are public records. The request seeks only a list of where and when (case names and numbers) Ming has testified as an informant. Ming has no privacy rights whatsoever as to his testimony in open court. I have identified five(5) case where he cooperated or testified, and that list is attached to my August 9 request letter, Exhibit A attached. Ming testified in United States v. Smith and United States v. Manning, that he has cooperated or testified more than 3 times since 1997. I seek a complete and up-to-date list of the cases where he has testified.

3. **Assistant to Ming by DEA**-the Drug Enforcement Administration has intervened to help Ming at least 5 times, and perhaps four times or more with criminal problems. Certainly as to the first incident, all privacy rights were waived by Ming and DEA years ago.

In September 1987, Ming met DEA Brian McLaurin for the first when he was arrested and charged for possession of cocaine base with intent to distribute it in Panama City, Florida. Ming was sentenced to 6-years of federal imprisonment for this case. In

In November 1991, Ming was released from federal prison on parole. In 1992, Ming was arrested on three different occasions. Ming received 757 days for violation of federal parole, he was released on August 1993. A few months later, February 23, 1994, Ming was again arrested for possession of crack cocaine. In January 1995, Ming was again taken into custody for violation of supervised release. In July 1996, after his release, Ming was arrested for possession of cocaine by local authorities in Panama City, Florida. See Exhibit D, Ming's State Sentencing, pg 3, attached. Ming was on probation at the time, and an arrest warrant was issued for him. (Id. at pgs 5,8) DEA Agent McLaurin, then of Panama City, intervened on Mings' behalf to get the probation terminated and reduced sentence. (Id. at pgs 4,12) On August 21, 1996, Ming was sentenced to serve 12.9 months, rather than 30 months, in the Department of Correctional for Florida. (Id. at pg 15) The clear conclusion is that DEA Agent McLaurin has intervened a few times for Ming. Given his open court admission, Ming and DEA have both waived any privacy rights.

The release of the records is an appropriate excercise of agency's discretion under the Freedom of Information Act, 5 USC § 552.

Therefore, I request disclosure of all reasonably segregable non-exempt portions of the records and an accompanying index and justification for any deletions with reference to specific FOIA exemptions. See 5 USC § 552(b). This request for partial disclosure is without prejudice to my right to judicial review of

-3-

judicial review of any agency decision to withhold records or delete information.

In the event some or all of the requested information continuous to be withheld, I request an index of all withheld information accompanied by justication with reference to specific FOIA exemptions. I look forward to receiving your reply within twenty(20) business days, as required by law.

Sincerely,

Carlos Deglace
Reg.No. 04228-017/Unit C-2
FCC Forrest City, Medium
P.O. Box 3000
Forrest City, AR 72335