March 1, 1999

Steven L. Seliger, Esq.
P.O. Box 324
Quincy, FL 32353-0324

RE: <u>U.S. v PHYNERRIAN MANNING</u>, Case Number: 5:99cr4-SPM

Dear Mr. Seliger:

At this time, I am forwarding the following information as supplemental discovery:

1. Prior criminal history for STEVEN FRANCIS MING:

| | | |
|---|---|---|
| -Dis Conduct | Bay Co., Florida | 10/1/87 Pleaded no contest,, $50.00 fine. |
| -Poss w/ Intent to Distrib Cocaine Base Case No: 05037-001 | Fed. Court - P. City | 12/17/87 Custody of Atty General 6 years w/ 4 years of sup. release; 10/30/92 Parole Violation - rec'd 757 days Custody of Atty General 1/11/95 Convicted of Violation of TSR and sent. to 8 months BOP. |
| -Poss. of Cocaine Case No: 92-253-CFA | Bay Co., Florida | 7/27/92 W/H, 18 months probation 12/13/94 Modif. of Probation. |
| -Sale of Cocaine Case No: 92-1679 | Bay Co., Florida | 9/9/92 A/G, 18 months probation 9/21/94 4 years of proba w/ first year on community control 8/21/96 30 months FL. DOC for VOP. |
| -Poss of Cont. Sub., Resis W/O vio., Batt. on LEO. Case No: 92-331-CFA | Bay Co., Florida | 8/22/94 A/G, 4 years of Probation w/ 1st year on community control 8/21/96 30 months in FL. DOC for vio. of probation, concurrent w/ 92-1679. |
| -Poss of Cocaine | Bay Co., Florida | 8/21/96 A/G, one year and 27 days concurrent w/ 94-331 & 92-1679. |

Exhibit C



| | | | |
|---|---|---|---|
| -Poss of Cocaine Base<br>Poss w/ intent to Distrib Cocaine Base<br>Case No: 5:98CR00015-001 | Federal Court (Panama City) | 9/16/98 | A/G, 140 months on each count, concurrent |

2. Prior criminal history for ANTHONY RILEY:

| | | |
|---|---|---|
| -Dis. Conduct, Agg. Unlicensed Opera. of a Motor Vehicle | Lewiston, NY | 9/6/91 Pleaded Guilty, fined. |
| -Poss of Drug Para. | Jefferson Co, FL | 3/22/94 Pleaded N/C, fined. |
| -Open Carrying of a Weapon, Resis W/O Violence<br>Case No.: 94-1343-MMA | Bay Co, FL | 3/18/94 Pleaded N/C, W/H, fined. |
| -Assault and Battery<br>Case No.: 94-3850 | Winchester, VA | 9/28/94 Pleaded Guilty, A/G, fined. |
| -Resis Arrest W/O Vio.<br>Case No.: 97-2796-MMO | Bay Co., FL | 6/17/97 Guilty in Absentia. |
| -Conspiracy to Pass. W/ Intent to Distrib Cocaine Base<br>Case No.: 5:96CR00026-001 | Federal Court (Panama City) | 10/20/97 A/G, 190 months. |

3. Please find enclosed a copy of the RAP sheet of Solomon Fisher.

4. Please note that Special Agent Brian McLaurin will be forwarding copies of the case files which include the officers' reports in prior cases against both Ricardo and Phynerrian Manning which may be used by the Government in trial as Rule 404(b) evidence.

    Finally, it is my understanding from Agent McLaurin that you and Ms. Timothy will be reviewing the evidence with him on Wednesday, March 3, 1999. Unfortunately, I will not be able to be present at that time. However, please do not hesitate to call me with any questions that you might have.

    Since I will be out of town next week in training, I have asked my secretary to contact

Exhibit C

```
                              IN THE CIRCUIT COURT, FOURTEENTH
                              JUDICIAL CIRCUIT, IN AND FOR BAY
                              COUNTY, FLORIDA.

                              CASE NO.  92-1679, 94-331, 96-1093
```

STATE OF FLORIDA,

       Plaintiff,

vs.

STEVEN FRANCIS MING,

       Defendant.
_____/

       This cause came to be heard before the Honorable Dedee S. Costello, in Panama City, Bay County, Florida.

**August 21, 1996**

APPEARANCES:

       Barbara Finch, Esq.
       Assistant State Attorney
       For the STATE

       Thomas Cassidy, Esq.
       Attorney at Law
       For the DEFENDANT

**ORIGINAL**

       Reported by:
       SUSAN H. DILTZ
       Judicial Court Reporter

Exhibit A

```
 1    AUGUST 21, 1996
 2                              IN OPEN COURT
 3         THE COURT:  State of Florida versus Steven
 4    Francis Ming.
 5         MR. CASSIDY:  Your Honor, this is Mr. Ming.
 6    He had tendered a no contest plea back on July 3rd
 7    to a violation of his probation and a new
 8    substantive charge of possession of cocaine.
 9    Sentencing was delayed at the request of Mr. Ming
10    and law enforcement, Federal law enforcement,
11    actually State, as well, I guess it was, Payton
12    Pierce came before you in that regard.  Agent
13    McLaurin from the Federal Department of D.E.A.,
14    Drug Enforcement Agency is here today to address
15    the court about Mr. Ming.
16         THE COURT:  He can come forward.
17         MR. CASSIDY:  He is here to address you about
18    his participation and assistance since his July 3rd
19    tendering of his plea.
20  THEREUPON,
21                         BRIAN MCLAURIN,
22  Being duly sworn, was examined and testified as follows:
23  DIRECT EXAMINATION BY CASSIDY:
24         Q.   State your name for the record, please.
25         A.   Brian McLaurin.
```

3

```
1        Q.    And Agent McLaurin, how are you employed?
2        A.    Special agent with Drug Enforcement
3   Administration stationed here in Panama City.
4        Q.    And in that capacity have you come to know
5   Mr. Steven Ming?
6        A.    Yes.
7        Q.    And since knowing that Mr. Ming had been
8   arrested for his violation of probation had you and/or
9   agents of the Panama City Police Department's drug squad
10  sought and utilized the services of Mr. Ming in ongoing
11  drug investigation?
12       A.    We have interviewed him and he has provided
13  truthful information.  He has testified before a U.S.
14  Grand Jury against three significant targets which are
15  bringing quarter-and-half kilogram amounts of crack
16  cocaine to the Panama City area.
17       Q.    And did you establish certain goals or
18  perimeters that you were expecting of Mr. Ming during
19  this past five or six week period since he has tendered
20  his pleas?
21       A.    I'm not exactly sure what you're asking
22  but --.
23       Q.    Were there certain targets in specific that
24  you talked to him about that you wanted him to assist
25  you with?
```

4

Exhibit D

1    A.    Yes.

2    Q.    And has he done that?

3    A.    Absolutely.

4    Q.    And were you able to corroborate his
5    testimony to determine whether or not he was truthful to
6    you?

7    A.    Yes, I did.

8    Q.    Was his assistance valuable?

9    A.    Yes.

10   MR. CASSIDY:  I don't have any more questions
11   of him.

12   MS. FINCH: Judge, I don't have any questions.
13   Thank you.

14   THE COURT:  Thank you.  I'm trying to look in
15   the file here.  Did he enter the pleas?

16   MR. CASSIDY:  On July 3rd, Your Honor, and we
17   delayed sentencing until today in order to allow
18   him to work with law enforcement.

19   THE COURT:  Is there a plea form because I
20   don't seem to have any notation.

21   MR. CASSIDY:  We did a long, handwritten
22   plea.

23   MS. FINCH: Judge, check the 896 case because
24   '92 and '94 would have been VOP.  New case is
25   96-1093.  Mr. Cassidy, double check with me,.

5

1  THE COURT: As to the '96 case.
2  MS. FINCH: Scoresheet prepared on the '96.
3  THE COURT: 35.6, maximum incarceration 12.9
4  months.
5  MS. FINCH: Yes, ma'am, that is correct.
6  THE COURT: Do you agree to that?
7  MR. CASSIDY: Yes, ma'am.
8  THE COURT: Now let's also talk about jail
9  credit. It says 240 days as of 7-3-96. Is that
10  for all the offenses or different ones?
11  MS. FINCH: No.
12  MR. CASSIDY: For the two older ones, not the
13  '96. Incarceration stared on the '96, May 30th.
14  THE COURT: You need to start adding.
15  MS. FINCH: May the 30th, May 30th is the day
16  you were taken into custody as a result of
17  violation of probation. You were not taken into
18  custody, I don't believe, we can check the file,
19  for the new case. My understanding that the
20  probation officer brought a warrant and the concern
21  was if you tested positive on the urinalysis the
22  judge was going to hold you without bond on the VOP
23  cases. You had posted bond and were out on the new
24  case.
25  THE DEFENDANT: Okay.

1  sentencing?

2  MR. CASSIDY: Your Honor, what I would like
3  to say is Mr. Ming has demonstrated his willingness
4  to cooperate with law enforcement which is what he
5  said he would do when he came before you back July
6  2nd, July 3rd. And as Agent McLaurin has indicated
7  he's been very valuable to the investigation, three
8  separate investigations and he's gone to grand
9  jury. He has been a value to the law enforcement.
10 We realize that you're not going to just reinstate
11 him and I would ask you to consider the following
12 sentence alternative, Jackson County is allowing
13 certain jail, jail from Bay County to come up there
14 and go into a program up there.
15 THE COURT: I don't think he qualifies for
16 Jackson County.
17 THE COURT: He has to have a certain point
18 range and he's not in the point ranges. It is 40
19 to 52 points. And there are no beds available so
20 he doesn't qualify and there are no beds available
21 so, to save you time --.
22 MR. CASSIDY: We were hoping you would
23 consider that. Your Honor, if not that, if we
24 could ask the court to consider some alternative to
25 the Department Of Corrections, other alternatives

12

```
 1   with this. You got three cases and you see how
 2   complex it is now. If you're back onto supervision
 3   you will be back here and then we have four to
 4   figure out. I think, I really do think it is best
 5   for you to go and serve this time and be done with
 6   all these cases once and for all like you had
 7   agreed to originally which was a straight sentence,
 8   no probation to follow. I will take into account
 9   the assistance you gave law enforcement. I think
10   that is appropriate but I can't give you a county
11   jail sentence and I can't send you to Jackson
12   County. You will have to send you to the
13   Department of Corrections. That's what it boils
14   down to.
15              In the '92 case which is 92-1679 you are
16   adjudicated guilty. You're committed to the
17   Department of Corrections to serve a term of 30
18   months with 296 days credit against that sentence.
19   And 94-331 you're adjudicated guilty and sentenced
20   to serve a term of 30 months concurrent with 295
21   days against that sentence. In 96-1093 you're
22   adjudicated guilty and sentenced to serve a term of
23   12.9 months in the Department of Corrections
24   concurrent with 1 day credit against that sentence.
25              You have given up your right to appeal by
```

CERTIFICATE OF REPORTER

STATE OF FLORIDA )

COUNTY OF BAY    )

    I, Susan H. Diltz, Judicial Court Reporter, at Panama City, Florida, Fourteenth Judicial Circuit, do hereby certify as follows:

    THAT I correctly reported in machine shorthand the forgoing proceedings at the time and place stated in the caption hereof;

    THAT I later reduced my machine shorthand notes to typewriting, and that the forgoing pages contain a full, true and correct transcript of the proceedings taken on said occasion;

    THAT I am neither of kin nor of counsel to any parties involved in this matter nor in any manner interested in the result thereof;

    THIS 24th day of July, 2003.

*Susan H. Diltz*

SUSAN H. DILTZ,
Judicial Court Reporter
Fourteenth Judicial Circuit
300 East Fourth Street
Panama City, FL 32401
(850)747-5336

17

Exhibit D