# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 5:98cr15/LAC

STEVEN FRANCIS MING

---

## IN CAMERA
## GOVERNMENT'S MOTION ADVISING THE COURT OF THE DEFENDANT'S SUBSTANTIAL ASSISTANCE

The United States of America hereby advises the Court that the above-captioned defendant, Steven Francis Ming, has provided substantial assistance in the investigation and prosecution of another person who has committed offense, pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1, United States Sentencing Guidelines, and would offer to the Court the following information in support:

1. Steven Francis Ming, the defendant, is currently scheduled for sentencing on September 17, 1998, after having pleaded guilty to an indictment charging him with the offense of Possession with Intent to Distribute Crack Cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

2. The defendant was indicted by a federal grand jury on May 5, 1998 and surrender to authorities on May 13, 1998.

Exhibit 3

3. The defendant timely notified the Court and the U.S. Attorney's Office that he wished to plead guilty to the offense charged in the indictment. He also advised the U.S. Attorney's Office that he wished to cooperate with law enforcement.

4. On June 23, 1998, the defendant pleaded guilty as charged in the indictment.

5. According to the Presentence Report prepared by the Probation Office, the defendant's sentencing range, without a departure for substantial assistance is 262 to 327 months.

6. As a part of his cooperation, the defendant met with federal agents and prosecutors and provided information relating to the narcotics trafficking activity of Carlos Deglace, Dan Lorenzo Simmons and Marcnel St. George, who had been indicted in this Court in Case Number 5:98cr8/LAC on charges of Possession of Crack Cocaine with the Intent to Distribute and Conspiracy to Possess with Intent to Distribute Crack Cocaine.

7. As a further part of his cooperation, the defendant agreed to testify, and did in fact testify, at the trial of Deglace, Simmons and St. George on May 28, 1998. The testimony at trial made clear that these individuals were all involved in distributing crack cocaine in the Panama City, Florida area. The defendant testified that Deglace was one of his principal suppliers of crack cocaine, and that Deglace was often accompanied by St George. The defendant's testimony also made clear that Simmons was a street level dealer of crack cocaine who worked with Deglace and St. George. The defendant's testimony provided details of the offenses committed by these

Exhibit 3

individuals which would not otherwise have been available to law enforcement. Deglace, Simmons and St. George were subsequently convicted as charged on May 29, 1998.

8. As a further part of his cooperation, the defendant testified at a sentencing hearing for Deglace, Simmons and St. George to establish the drug weight to be attributed to each individual.

9. The cooperation and testimony of the defendant significantly aided the government in its investigation and prosecution of Deglace, Simmons and St George.

WHEREFORE, the United States respectfully moves this Court to take into account the substantial assistance of the defendant Steven Francis Ming in the investigation and prosecution of others and to impose a sentence at the Court's discretion below that required by law, pursuant to the provisions of Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the United States Sentencing Guidelines.

Respectfully submitted,

P. MICHAEL PATTERSON
UNITED STATES ATTORNEY

WILLIAM H. STAFFORD, III
Assistant U.S. Attorney
Florida Bar No. 0070394
114 East Gregory Street
Pensacola, FL 32501-4972
850/434-3251

Exhibit 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the contents of the foregoing motion are true and correct to the best of my knowledge and belief and a copy of the foregoing pleading has been mailed to the United States Probation Office, 312 U.S. Courthouse, 100 N. Palafox Street, Pensacola, Florida 32501 and Christopher N. Patterson, Esquire, Post Office Box 1368, Panama City, Florida 32402, counsel for defendant, on this 10th day of September, 1998.

WILLIAM H. STAFFORD, III
Assistant U.S. Attorney

Exhibit 3