IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

THE UNITED STATES OF AMERICA,                )
                                              )   5:00CR21-SPM
                    Plaintiff,                )   OCTOBER 25, 2001
VS.                                           )   8:07 A.M.
                                              )   TALLAHASSEE, FLORIDA
VINCENT SMITH,                                )
                                              )
                    Defendant.                )
_____)

EXCERPT OF:

VOLUME FOUR
(Pages 577 - 598)

EXCERPT OF TRANSCRIPT OF THIRD DAY OF TRIAL
TESTIMONY OF RONNELL McKINNEY
BEFORE THE HONORABLE STEPHAN P. MICKLE
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE GOVERNMENT:        P. MICHAEL PATTERSON
                           United States Attorney
                           BY:  BENJAMIN W. BEARD
                                Assistant U.S. Attorney
                           21 E. Garden St., Suite 400
                           Pensacola, Florida 32501-4972

FOR THE DEFENDANT:         GEORGE W. BLOW, III
                           Attorney at Law
                           200 West College Avenue
                           Suite 302
                           Tallahassee, Florida 32301

Exhibit 21

Lisa Girod Jones, RMR, CRR, Official Court Reporter
111 N. Adams Street, Suite 523, Tallahassee, Florida 32301
(850) 513-1145

```
 1   turn some people in, right?
 2   A.  No, sir.  That was never my intentions to get popped.
 3   Q.  Well, I understand that.  I understand that.  I assume
 4   that's every drug dealer's intentions.  But you knew if you did
 5   get popped, the way to get relief was to turn people in, turn
 6   snitch?
 7   A.  You're saying that like -- no, I didn't know it like that
 8   because I never imagined getting popped, so I never thought
 9   about me doing this.
10   Q.  You've been in custody since when?
11   A.  Since June of '96.
12   Q.  On your federal charge?
13   A.  Yes, sir.
14   Q.  Okay, help me out here.  Oh, you got out in January of '96?
15   A.  Yes, sir.
16   Q.  And went back in, got arrested in June of '96, felon in
17   possession?
18   A.  Yes, sir.
19   Q.  When was your last child born?
20   A.  August of 1998.
21   Q.  But that's your child?
22   A.  Yes, it is.
23   Q.  You're the natural father of that child?
24   A.  Yes, it is.
25   Q.  And you were in custody?
```

Exhibit 21

```
 1   A.  Yes, I was.
 2   Q.  When you fathered that child?
 3   A.  Yes, I was.
 4   Q.  I assume this was not done by mail, and I mean M-A-I-L
 5   mail.  How did you accomplish that?
 6   A.  I was allow a contact visit.
 7   Q.  You were allowed a contact visit?
 8   A.  Yes, sir.
 9   Q.  By the Federal Bureau of Prisons?
10   A.  No, sir.
11   Q.  You were allowed a contact visit by a Special Agent
12   McLaurin with the DEA, weren't you?
13   A.  Yes, sir.
14   Q.  Because you're Special Agent McLaurin's informant, right?
15   A.  Yes, sir.
16   Q.  So not only are you getting special favors like going from
17   210 months to 105 months, you're getting some added little
18   benefits of getting to have special contact visits, right?
19   A.  Yes, sir, if that's how you want to look at it, sir.
20   Q.  And I assume, of course, that you're not supporting this
21   child since you're in prison?
22   A.  No, sir, I'm not.
23   Q.  Did you get other favors besides this contact visit?
24   A.  No, sir.
25   Q.  Get special meals or anything like this?
```

Exhibit 21

1   A.   As far as what?  Special meals like from off the street or
2   something?
3   Q.   Take you out to eat?
4   A.   Take me out to eat?  On occasion when I was debriefed, they
5   had food brought in.
6   Q.   When you had this special contact visit?
7   A.   Uh-huh.
8   Q.   Was it your understanding that other snitches got similar
9   treatment, or did you think you were just really special?
10  A.   No, I ain't think I was special.
11  Q.   So if you weren't special, then you took this to be
12  standard operating procedure, or as you --
13  A.   I took it as that's how, you know, that's how it was,
14  that's how -- you know.  That's how I took it.  It wasn't
15  like -- I thought everybody in the feds got contact visits.
16  You know, but it was never no -- it was never no saying, well,
17  I'm going to get a contact visit, and you're going to be able
18  to have sex.  I snuck in that, yes.  It was never -- nobody
19  never gave me permission to do that.
20  Q.   Nobody came right out and said, "Look, we're going to set
21  up a arrangement go in the back room and have sex"?
22  A.   Uh-huh.
23  Q.   Didn't do that?
24  A.   No.
25  Q.   Just, we'll arrange a contact visit, not just a contact

Exhibit 21

1  visit, but a contact visit in complete privacy. I assume you
2  weren't doing this in front of a crowd?
3  A. Well, he was in the room and he left -- he left out the
4  room for a minute.
5  Q. Okay. Just a minute?
6  A. That's all it took, sir.
7  Q. You testified that in your opinion, or your professional
8  training, I guess it would be, that Vince Smith, Bobby-O was a
9  street dealer?
10 A. At that time, yes.
11 Q. And you were selling to him?
12 A. Yes.
13 Q. Did you tell him how much to sell those drugs for?
14 A. No, sir.
15 Q. Did you tell him where he could sell it?
16 A. No, sir.
17 Q. Tell him who he could sell it to?
18 A. No, sir.
19 Q. Tell him what hours to keep?
20 A. No.
21 Q. Any kind of arrangements between you?
22 A. No.
23 Q. Just if he wanted something, he would buy it, you would
24 sell it?
25 A. Yes, sir.

Exhibit 21

```
 1                              **********
 2       I certify that the foregoing is a correct transcript from
 3  the record of proceedings in the above-entitled matter.
 4
 5  [signature]                           6/12/03
 6  LISA GIROD JONES, RPR, RMR, CRR       Date
    Official Court Reporter
 7
 8
 ...
25
```

Exhibit 21



**U. S. Department of Justice**

Drug Enforcement Administration

Washington, D.C. 20537

 8 2003

Mr. Carlos Deglace
Reg. 04228-017, Creek-A
Federal Correctional Institution
P.O. 7007
Marianna, FL  32447

Dear Mr. Deglace:

    The Drug Enforcement Administration (DEA) Office of Professional Responsibility (OPR) has received your complaint regarding alleged misconduct by DEA Special Agent Brian McLaurin. In your complaint, you allege that Special Agent McLaurin violated your constitutional rights, specifically those guaranteed by the Fourth, Fifth and Sixth Amendments to the Constitution. OPR is the internal affairs investigative branch of the Inspection Division and is responsible for the investigation of all allegations or complaints of misconduct against a DEA employee. This office is currently investigating your complaint.

    Thank you for bringing your information and concerns to my attention.

Sincerely,

John E. Driscoll
Deputy Chief Inspector
Office of Professional Responsibility

Exhibit 22