IN THE CIRCUIT COURT, FOURTEENTH
JUDICIAL CIRCUIT, IN AND FOR BAY
COUNTY, FLORIDA.

CASE NO.   92-1679, 94-331, 96-1093

STATE OF FLORIDA,

      Plaintiff,

vs.

STEVEN FRANCIS MING,

      Defendant.

_____/


     This cause came to be heard before the Honorable
Dedee S. Costello, in Panama City, Bay County, Florida.

### August 21, 1996


APPEARANCES:


        Barbara Finch, Esq.
        Assistant State Attorney
        For the STATE

        Thomas Cassidy, Esq.
        Attorney at Law
        For the DEFENDANT


**ORIGINAL**


        Reported by:
        SUSAN H. DILTZ
    Judicial Court Reporter

Exhibit 9

Proceedings:

|  | Page |
|---|---|
| August 21, 1996 | 3 |
| Brian McLaurin, Called | 3 |
|    Direct Examination by Mr. Cassidy | 3 |
| Certificate of Court Reporter | 17 |

2

Exhibit 9

1   AUGUST 21, 1996

2                                   IN OPEN COURT

3            THE COURT:  State of Florida versus Steven

4   Francis Ming.

5            MR. CASSIDY:  Your Honor, this is Mr. Ming.

6   He had tendered a no contest plea back on July 3rd

7   to a violation of his probation and a new

8   substantive charge of possession of cocaine.

9   Sentencing was delayed at the request of Mr. Ming

10  and law enforcement, Federal law enforcement,

11  actually State, as well, I guess it was, Payton

12  Pierce came before you in that regard.  Agent

13  McLaurin from the Federal Department of D.E.A.,

14  Drug Enforcement Agency is here today to address

15  the court about Mr. Ming.

16           THE COURT:  He can come forward.

17           MR. CASSIDY:  He is here to address you about

18  his participation and assistance since his July 3rd

19  tendering of his plea.

20  THEREUPON,

21                        BRIAN MCLAURIN,

22  Being duly sworn, was examined and testified as follows:

23  DIRECT EXAMINATION BY CASSIDY:

24      Q.    State your name for the record, please.

25      A.    Brian McLaurin.

                              3

Exhibit 9

1    Q.    And Agent McLaurin, how are you employed?

2    A.    Special agent with Drug Enforcement

3  Administration stationed here in Panama City.

4    Q.    And in that capacity have you come to know

5  Mr. Steven Ming?

6    A.    Yes.

7    Q.    And since knowing that Mr. Ming had been

8  arrested for his violation of probation had you and/or

9  agents of the Panama City Police Department's drug squad

10  sought and utilized the services of Mr. Ming in ongoing

11  drug investigation?

12    A.    We have interviewed him and he has provided

13  truthful information.  He has testified before a U.S.

14  Grand Jury against three significant targets which are

15  bringing quarter-and-half kilogram amounts of crack

16  cocaine to the Panama City area.

17    Q.    And did you establish certain goals or

18  perimeters that you were expecting of Mr. Ming during

19  this past five or six week period since he has tendered

20  his pleas?

21    A.    I'm not exactly sure what you're asking

22  but --.

23    Q.    Were there certain targets in specific that

24  you talked to him about that you wanted him to assist

25  you with?

4

Exhibit 9

1      A.      Yes.

2      Q.      And has he done that?

3      A.      Absolutely.

4      Q.      And were you able to corroborate his

5  testimony to determine whether or not he was truthful to

6  you?

7      A.      Yes, I did.

8      Q.      Was his assistance valuable?

9      A.      Yes.

10         MR. CASSIDY:  I don't have any more questions

11  of him.

12         MS. FINCH: Judge, I don't have any questions.

13  Thank you.

14         THE COURT:  Thank you.  I'm trying to look in

15  the file here.  Did he enter the pleas?

16         MR. CASSIDY:  On July 3rd, Your Honor, and we

17  delayed sentencing until today in order to allow

18  him to work with law enforcement.

19         THE COURT:  Is there a plea form because I

20  don't seem to have any notation.

21         MR. CASSIDY:  We did a long, handwritten

22  plea.

23         MS. FINCH: Judge, check the 896 case because

24  '92 and '94 would have been VOP.  New case is

25  96-1093.  Mr. Cassidy, double check with me,.

Exhibit 9

1    combination with either Keaton or Day Top.

2        THE COURT:  Didn't he enter a plea to

3    concurrent time in Department of Corrections?

4    That's what the plea form says.

5        MS. FINCH: Judge, I think, doesn't it say

6    guideline?

7        THE COURT:  It says probation will be

8    terminated, guidelines sentence, defendant will be

9    sentenced to concurrent time in D.O.C., no

10    probation upon release from D.O.C., defendant may

11    file motion to mitigate sentence within 60 days,

12    imposition of sentence sentencing will be deferred

13    at least 30 days.  Defendant will receive

14    guidelines sentence.  I can't quite read this up

15    here.

16        MS. FINCH: Judge, the agreement with the

17    State is just that the defendant will receive a

18    guidelines sentence.  The agreement with the court

19    was that as to those things but the only agreement

20    with the State, I told him he would get a

21    guidelines sentence and that was it.

22        THE COURT:  Do you want to say anything else?

23        THE DEFENDANT:  No, ma'am.

24        THE COURT:  I think, sir, it is in your best

25    interest to get a straight sentence and be done

14

Exhibit 9

1  with this.  You got three cases and you see how

2  complex it is now.  If you're back onto supervision

3  you will be back here and then we have four to

4  figure out.  I think, I really do think it is best

5  for you to go and serve this time and be done with

6  all these cases once and for all like you had

7  agreed to originally which was a straight sentence,

8  no probation to follow.  I will take into account

9  the assistance you gave law enforcement.  I think

10  that is appropriate but I can't give you a county

11  jail sentence and I can't send you to Jackson

12  County.  You will have to send you to the

13  Department of Corrections.  That's what it boils

14  down to.

15      In the '92 case which is 92-1679 you are

16  adjudicated guilty.  You're committed to the

17  Department of Corrections to serve a term of 30

18  months with 296 days credit against that sentence.

19  And 94-331 you're adjudicated guilty and sentenced

20  to serve a term of 30 months concurrent with 295

21  days against that sentence.  In 96-1093 you're

22  adjudicated guilty and sentenced to serve a term of

23  12.9 months in the Department of Corrections

24  concurrent with 1 day credit against that sentence.

25      You have given up your right to appeal by

15

Exhibit 9

1  receiving a sentence within the guidelines that you

2  negotiated to receive.  And, additionally, I think

3  you've agreed to all the jail credit and to all the

4  score sheets.  If there was something wrong with

5  that you have ten days to file to modify that.  Any

6  unpaid monetary obligation will be reduced to a

7  civil judgment and so, therefore, when you have

8  completed the sentence these matters will be over

9  with.

10         MR. CASSIDY:  Discharged from criminal

11  justice system at that point.

12         THE COURT:  There will be a judgment.  If for

13  some reason you were able to pay that judgment

14  later it would not keep you from being released

15  from custody.  Is there anything else that has been

16  omitted here?

17         MS. FINCH: No restitution.  And I'm passing

18  an order up on the '96 case.

19         THE COURT:  Restitution is not applicable.

20         MS. FINCH: Thank you.

21         THE COURT:  Again 30 days to file an appeal

22  but you've given up your right to file one.  Be

23  fingerprinted, please.  Good luck.

24         (Proceedings concluded)

25

16

Exhibit 9

CERTIFICATE OF REPORTER

STATE OF FLORIDA )

COUNTY OF BAY    )


        I, Susan H. Diltz, Judicial Court Reporter, at

Panama City, Florida, Fourteenth Judicial Circuit, do

hereby certify as follows:

        THAT I correctly reported in machine shorthand

the forgoing proceedings at the time and place stated in

the caption hereof;

        THAT I later reduced my machine shorthand

notes to typewriting, and that the forgoing pages

contain a full, true and correct transcript of the

proceedings taken on said occasion;

        THAT I am neither of kin nor of counsel to any

parties involved in this matter nor in any manner interested

in the result thereof;

        THIS 24th day of July, 2003.


                    _Susan H. Diltz_

                    SUSAN H. DILTZ,
                    Judicial Court Reporter
                    Fourteenth Judicial Circuit
                    300 East Fourth Street
                    Panama City, FL  32401
                    (850)747-5336

17

Exhibit 9