UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS DEGLACE, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 05-2276 (CKK) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
|       Defendant. | ) |

**DEFENDANT'S REPLY TO
PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

In this Freedom of Information Act ("FOIA") matter, plaintiff Carlos Deglace seeks records about a third party, Steven Ming. Mr. Deglace seeks records related to Mr. Ming's criminal history; cases in which Mr. Ming has testified; instances where the Drug Enforcement Administration ("DEA") has intervened on Mr. Ming's behalf; and sanctions allegedly imposed on Mr. Ming by the DEA. See Plaintiff's Memorandum In Support of and in Opposition to Defendant's Summary Judgment at 1 ("Pl. Opp.").

Mr. Deglace does not appear to dispute that the records he seeks qualify as law enforcement records, or that Mr. Ming has a privacy interest in information about himself recognized under the FOIA. See id. at 1; see also 5 U.S.C. §§ 552(b)(6); (b)(7)(C); Defendant's Statement of Material Facts Not In Dispute at ¶¶ 3-4.[1] Nor does plaintiff claim that he has obtained Mr. Ming's consent

---

[1] Plaintiff has not filed a Statement of Material Facts in Dispute, nor a response to Defendant's Statement of Material Facts Not in Dispute. Consequently, the facts set forth by defendant may be treated as established. See Local Civil Rule 7(h); Securities and Exch.

to release of the requested records or proof of Mr. Ming's death. See Defendant's Statement of Material Facts Not in Dispute at ¶ 2. Rather, Mr. Deglace contends that there is a compelling public interest in the release of records about Mr. Ming because the records would "shed[] light on DEA's illegal activities." See Pl. Opp. at 3 (citing Davis v. United States Department of Justice, 968 F.2d 1276, 1282 (D.C. Cir. 1992)). Specifically, Mr. Deglace claims that the release of these records will show misconduct on the part of a DEA agent. See id. at 4-6. In the alternative, plaintiff claims that the records he seeks are already in the public domain. See id. at 6.

For the reasons set forth below, plaintiff's claim of a public interest in release fails to overcome the considerable privacy interest that Mr. Ming has in law enforcement records about himself. Nor has plaintiff demonstrated that the records he seeks are part of the public domain. Defendant submits that it has sustained its burden to justify withholding records concerning a third party under Exemptions 6 and 7(C) of the FOIA, and defendant's Motion for Summary Judgment should therefore be granted.

## II. ARGUMENT

### A. Plaintiff Has Failed to Show that There is a Public Interest in Release of Third Party Records Sufficient to Overcome the Individual's Privacy Interest in Those Records

The starting point for the Exemption 7(C) analysis[2] is the Supreme Court's statement that for requests seeking information about private citizens in law enforcement records, "the privacy interest

---

Comm'n v. Banner Fund Int'l, 211 F.3d 602, 616 (D.C. Cir. 2000); Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 154 (D.C. Cir.1996); Twist v. Meese, 854 F.2d 1421, 1425 (D.C. Cir. 1988). This Court did issue a Fox/Neal Order, informing pro se plaintiff of his obligation to controvert defendant's evidence. See USDC PACER Dkt. 12.

[2]Since exemption 7(C) has a lesser burden of proof, defendant will focus its argument on this exemption claim. See National Archives and Records Administration v. Favish, 541 U.S. 157, 165-66 (2004).

... is at its apex." Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989). "'Exemption 7(C) takes particular note of the strong interest of individuals, whether they be suspects, witnesses, or investigators, in not being associated unwarrantedly with alleged criminal activity.'" Fitzgibbon v. CIA, 911 F.2d 755, 767 (D.C. Cir.1990) (quoting Dunkelberger v. Dep't of Justice, 906 F.2d 779, 781 (D.C. Cir. 1990)); Computer Professionals for Social Responsibility v. United States Secret Serv., 72 F.3d 897, 904 (D.C. Cir.1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation ... clearly fall within the scope of Exemption 7(C)"); Mack v. Department of the Navy, 259 F. Supp2d. 99, 106 (D.D.C. 2003). Thus, Mr. Ming's privacy interest in not having information about him made publicly available is not just present, it is considerable.[3]

The analysis then turns to the public interest (if any) that would be advanced through release of the requested records. In National Archives and Records Administration v. Favish, 541 U.S. 157, (2004), the Supreme Court recognized that "[i]n the case of Exemption 7(C), the statute requires us to protect, in the proper degree, the personal privacy of citizens against the uncontrolled release of information compiled through the power of the state." As a result, the Court concluded that "the usual rule that the citizen need not offer a reason for requesting the information must be inapplicable." Id. at 172. Favish established a two part test that a FOIA requester must satisfy in order to overcome a valid Exemption 7(C) claim:

---

[3] In evaluating the privacy interest, "[i]t must be remembered that once there is disclosure, the information belongs to the general public. There is no mechanism under FOIA for a protective order allowing only the requester to see whether the information bears out his theory, or for proscribing its general dissemination." Favish, 541 U.S. at 174. In other words, once released to Mr. Deglace, the information is considered to be public information and could, for example, by posted on the Internet for all to see.

>First, the citizen must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake. Second, the citizen must show the information is likely to advance that interest.

Id. at 173.

The Favish decision went on to establish the evidentiary standard that a requester must satisfy to make a public interest claim. Importantly, it is not enough to merely "tender evidence and argument which, if believed" would suggest government malfeasance. Id. at 173; see also id. (exemption 7(C) should not be transformed into a mere rule of pleading). Instead, "the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred" Id.; see also id. ("where the presumption is applicable, clear evidence is usually required to displace it."); Oguaju v. United States, 378 F.3d 1115, 1117 (D.C. Cir. 2004), amended, 386 F.3d 273, cert denied, 544 U.S. 983 (2005).

Mr. Deglace offers his own affidavit and tenders affidavits (which appear to have been executed in conjunction with other proceedings) from two other individuals alleging that a DEA Agent assisted witnesses in making in-court identifications and provided incentives to cooperating witnesses for their testimony. See Pl. Opp. at 4-6; Pl. Ex. 1, 11, 20. These allegations, however, are too insubstantial to warrant the considerable invasion of Mr. Ming's personal privacy that would result from release. In fact, the D.C. Circuit recently considered, and rejected, a similar claim of a "public interest" in Oguaju v. United States, where the plaintiff/requester claimed that the records sought would show that the Department of Justice mishandled his Brady request. See Oguaju, 378 F.3d at 1117 (assertions of perjury at trial, even if supported by affidavits, do not overcome the asserted privacy interest.).

Moreover, plaintiff's allegations concerning the conduct of a single DEA agent is not the

kind of "impropriety" the exposure of which serves a public interest sufficient to overcome a third party's privacy interest. "Exposing a single, garden-variety act of misconduct would not serve the FOIA's purpose of showing 'what the Government is up to.'" Oguaju v. United States, 288 F.3d 448, 451 (D.C. Cir. 2002) (citing Reporters Comm., 489 U.S. at 780); see also Beck v. Dep't of Justice, 997 F.2d 1489, 1493 (D.C. Cir. 1993) ("The identity of one or two individual relatively low-level government wrongdoers, released in isolation, does not provide information about the agency's own conduct," and therefore "there is no public interest in [the] release of that information").

Similarly, in Kimberlin v. Department of Justice, 139 F.3d 944, 946-47 (D.C. Cir. 1998), plaintiff sought documents relating to the investigation of an AUSA by the Office of Professional Responsibility (OPR) arising out of an alleged improper disclosure of investigatory information. The FOIA requester sought information from the OPR file. See id. In determining that plaintiff's claimed public interest did not overcome the AUSA's substantial privacy interest, the Court of Appeals held that, "[i]n view of the purpose of the FOIA, it will ordinarily be enough for the court to consider, when balancing the public interest in disclosure against the private interest in exemption, the rank of the public official involved and the seriousness of the misconduct alleged." (citing Stern, 737 F.2d 84 94 (D.C. Cir. 1984) ("There is a decided difference between knowing participation by a high-level officer in such deception and the negligent performance of particular duties by the two other lower-level employees")). See also Jefferson v. Department of Justice, Office of Professional Responsibility, 284 F.3d 172, 180 (D.C. Cir. 2002) ("AUSA Downing is not a high official in the United States Attorney's Office . . . and the public's knowledge of AUSA Downing with regard to his prosecution of Jefferson is hardly comparable to the scandal in Stern or even to the public's knowledge of the OPR investigation in Kimberlin."). As these cases make clear, a prisoner's interest

in demonstrating that an isolated DEA agent involved in his criminal proceedings acted improperly does not serve the larger "public interest" that might overcome the privacy considerations encompassed by FOIA Exemption 7(C).[4]

Finally, there can be little doubt that the reason that plaintiff seeks these records is because the DEA agent was involved in plaintiff's arrest and/or conviction, see, e.g., Pl. Aff. at ¶ 3, and plaintiff seeks to use the information as part of a habeas petition or for other post-conviction relief. While a prisoner is certainly permitted to use the FOIA for this purpose, the Courts have consistently refused to find a "public interest" arising out of a requester's interest in challenging his or her criminal conviction. See Oguaju, 288 F.3d at 450 (finding that plaintiff's "personal stake in using the requested records to attack his convictions does not count in the calculation of the public interest"); Neely v. Federal Bureau of Investigation, 208 F.3d 461, 464 (4th Cir. 2000); Hale v. United States Dep't of Justice, 973 F.2d 894, 901 (10th Cir.1992), vacated on other grounds, 509 U.S. 918 (1993); Landano v. Department of Justice, 956 F.2d 422, 430 (3d Cir. 1991), rev'd on other grounds, 508 U.S. 165 (1993); Sonds v. Huff, 391 F Supp.2d 152, 159 (D.D.C. 2005).

As the Supreme Court recognized in its Favish decision, allegations of government misconduct are "'easy to allege and hard to disprove.'" Favish, 541 U.S. at 174 (quoting Crawford-El v. Britton, 523 U.S. 574, 588 (1998)). This is why the law requires a reviewing court to insist upon a meaningful evidentiary showing of a significant public interest before jettisoning a third party's privacy interest in records about himself. The allegations made by Mr. Deglace here – that the DEA

---

[4]It should be noted that plaintiff has not requested records about the DEA Agent, but rather records about Steven Ming. The question therefore is whether plaintiff has presented sufficiently compelling evidence of government malfeasance such that law enforcement information about Mr. Ming should be released to the public.

-6-

agent involved in his criminal case engaged in malfeasance in securing the assistance of cooperating witnesses – is precisely the type of garden-variety claim that is too insubstantial to permit public release of information concerning Steven Ming.  Compare Oguaju, 378 F.3d at 1116; see also Jefferson, 284 F.3d at 180; Kimberlin, 139 F.3d at 948-49; McCutchen v. U.S. Dep't of Health & Human Servs., 30 F.3d 183, 188 (D.C. Cir.1994) ("A mere desire to review how an agency is doing its job, coupled with allegations that it is not, does not create a public interest sufficient to override the privacy interest protected by Exemption 7(C)."). Plaintiff has not shown that the "public interest to be advanced is a significant one," nor has he made a legally sufficient showing that government impropriety has actually occurred.  See Favish, 541 U.S. at 173-74.  DEA's withholding of records under Exemptions 6 and 7(C) should be upheld by the Court.

**B.    Plaintiff Has Not Shown That The Precise Information He Seeks is Part of the Public Domain**

Mr. Deglace also contends that DEA cannot rely on exemptions 6 and 7(C) to withhold the requested records because the information he seeks is allegedly already in the public domain.  See Pl. Opp. at 6.  It is difficult to discern from Mr. Deglace's opposition memorandum exactly what information he claims is public domain information.  He states that he "points specifically to record where [the DEA agent] has intervened on Ming's behalf in order to avoid punishment."  Id. (citing Plaintiff's Affidavit at ¶ 3D).  Deglace also claims that he has obtained portions of Ming's criminal history, though he does not indicate precisely how he came to acquire these records.

The fact that plaintiff has in his possession, or can "point to," records concerning Mr. Ming does not mean that the information sought through the FOIA request is in the public domain.  In order to overcome an Exemption 7(C) claim by an agency on the basis that the information is already

publicly available, a requestor "has the burden of showing that there is a permanent public record of the exact portions he wishes." Davis, 968 F.2d at 1279; see also id. at 1280 (requiring there to be "specific information in the public domain that appears to duplicate that being withheld") (emphasis addded).

> This court has already noted that the status of the "public domain" doctrine has been changed, if not eradicated, by the Supreme Court's decision in United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749 (1989). See Davis v. United States Dep't of Justice, 968 F.2d 1276, 1279 (D.C. Cir. 1992). As the public domain doctrine stands today, a party can only gain access to information withheld by the government under a FOIA exemption if it can "point to 'specific' information identical to that being withheld" that is publicly available. Davis, 968 F.2d at 1280.

Isley v. EOUSA, 203 F.3d 52, 1999 WL 1021934 at **4 (D.C. Cir. 1999). Here, Mr. Deglace has not shown that the documents he seeks are in any "permanent public record" demonstrating that they are freely available. Id. (citing Davis, 968 F.2d at 1280). The law places the burden of production on public availability squarely on the plaintiff. See Davis, 968 F.2d at 1279; Niagra Mohawk Power Corporation v. Department of Energy, 169 F.3d 16, 19 (D.C. Cir. 1999) (noting that if it were otherwise, "the party opposing disclosure would theoretically have to identify all public sources not reproducing the information.")

In this regard, it must also be noted that prior disclosure of personal information does not eliminate the privacy interest in avoiding further disclosure by the government. See Favish, 541 U.S. at 171 (the fact that some pictures of Vince Foster had been made public did not "detract[] from the weighty privacy interests involved"); Kimberlin, 139 F.3d at 949; Edmonds v. FBI, 272 F. Supp.2d 35, 53 (D.D.C. 2000). Even if certain documents that mention or relate to Mr. Ming may have been made public during the course of one or more criminal trials or other proceedings, the decisional law

recognizes that the information may have faded into "practical obscurity," and that the privacy interest is still protectible. See Isley, 1999 WL 1021934 at **4 (citing Reporter's Committee, 489 U.S. at 779); Leadership Conference on Civil Rights v. Gonzles, 404 F. Supp.2d 246, 258 (D.D.C. 2005); Steinberg v. Department of Justice, 179 F.R.D. 366, 370 (D.D.C. 1998). Thus, Mr. Deglace's ability to append certain documents referring to Mr. Ming to the opposition memorandum does not reduce Mr. Ming's privacy interest in information about himself, or alter DEA's ability to assert exemption 7(C) on these records.

### III. CONCLUSION

For these reasons, defendant requests that its Motion for Summary Judgment be granted, that judgment be entered for defendant, and that this matter be dismissed with prejudice.

Respectfully Submitted,

/s/
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

/s/
PETER D. BLUMBERG, Bar # 463247
Assistant United States Attorney
United States Attorneys Office
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530
(202) 514-7157

Attorneys for Defendants

Dated: May 30, 2006

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of May, 2006, I caused the attached Reply Memorandum to be served on plaintiff, by first class United States mail:

Carlos Deglace
#04228-017
Federal Correctional Complex
Coleman (Low)
P.O. Box 1031
Coleman, FL 33521

/s/
PETER D. BLUMBERG
Assistant United States Attorney