UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
CARLOS DEGLACE,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 05-2276 (CKK)
                                    )
DRUG ENFORCEMENT ADMINISTRATION,    )
                                    )
            Defendant.              )
_____ )

**MEMORANDUM OPINION and ORDER**

This matter is before the Court on defendant's motion for summary judgment. Having considered the motion, plaintiff's opposition, and the record of this case, the Court will deny the motion without prejudice.

I.   BACKGROUND

Plaintiff submitted a request for information to the Drug Enforcement Administration ("DEA") pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552. Complaint ("Compl.") at 1. He sought "access to or copies of any and all documents pertaining to DEA informant Steven Francis Ming," including information about Mr. Ming's criminal history, criminal trials at which Mr. Ming testified, instances of DEA intervention on Mr. Ming's behalf "to assist him in avoiding criminal problems or prosecutions," and administrative sanctions imposed on Mr. Ming by the DEA "for any dishonesty, false claims, or other deceit or behavior the DEA has deemed inappropriate." *Id.*, Ex. A (FOIA request) at 1-2.

1

DEA staff responded to plaintiff's request, which had been assigned Request No. 05-1646-F, by letter. Compl. at 2 & Ex. B (August 20, 2004 letter from K.L. Myrick, Chief, Operations Unit, FOI/Records Management Section). The letter, which neither confirmed nor denied the existence of responsive records, notified plaintiff that his request would not be processed. *Id*. Because the request pertained to a third party, plaintiff was instructed "to provide either proof of death or an original notarized authorization (privacy waiver) from Steven F. Ming." *Id*. Absent either of these documents, the DEA asserted that responsive records, if any, would be exempt from disclosure pursuant to FOIA Exemptions 6 and 7(C). *Id*.

Plaintiff challenged the DEA's decision by filing an administrative appeal with the Department of Justice's Office of Information and Privacy ("OIP"). Compl., Ex. C (Appeal dated October 10, 2004). He readily admitted that "Mr. Ming is not dead and has not submitted a notarized authorization form." *Id*. at 1. Rather, he argued that information pertaining to Mr. Ming had become part of the public record through reports of his arrests, testimony at public trials, and ongoing employment as a DEA informant. *Id*. at 2-3. OIP staff affirmed the DEA's decision. *Id*., Ex. D (August 4, 2005 letter from R.L. Huff, Co-Director, OIP).

In this action, plaintiff demands disclosure of all responsive records in full and waiver of any fees. Compl. at 3.

## II.  DISCUSSION

### *A. Summary Judgment Standard*

The Court grants a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that

there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)); LCvR 7(h). To obtain summary judgment in a FOIA action, an agency must show, viewing the facts in the light most favorable to the requester, that there is no genuine issue of material fact with regard to the agency's compliance with the FOIA. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) (citing *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)).

The Court may grant summary judgment based on the information provided in affidavits or declarations when the affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."[1] *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Such

---

[1] In support of its motion, defendant submits the declaration of William C. Little, Jr., an attorney assigned to the DEA's Office of Chief Counsel, Administrative Law Section. Defendant's Memorandum in Support of Motion for Summary Judgment, Little Decl. ¶¶ 1-2. His primary responsibilities are matters involving the FOIA and Privacy Act. *Id*. ¶ 3. He declares that he is "familiar with DEA policies, practices and procedures regarding the administration of, and processing and release of information requested under the FOIA and [Privacy Act], and DEA PA Systems of Records." *Id*. ¶ 5. He is
(continued...)

affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

### B. The DEA's Systems of Records

DEA staff construed plaintiff's FOIA request as a "request for investigative, disciplinary and personnel records related to a third party, and information relative to an individual's status as a confidential source." Defendant's Memorandum in Support of Motion for Summary Judgment ("Def.'s Mot."), Little Decl. ¶ 16. Records of this nature pertaining to Mr. Ming, staff concluded, likely would be maintained in the DEA Investigative Reporting and Filing System (JUSTICE/DEA-008), the DEA Planning and Inspection Division Records (JUSTICE/DEA-010), and the DEA Operations Files (JUSTICE/DEA-011). *Id.* Investigative and disciplinary information and personnel records related to Mr. Ming would likely be found in the Investigative Reporting and Filing System and the Planning and Inspection Division Records. *Id.* Information about his status as an informant, if any such information exists, likely would be found in the Operations Files. *Id.*

### C. Disclosure Under the Privacy Act

These three systems of records are exempt from the Privacy Act's access

---

¹(...continued)
familiar with the complaint filed in this action, and personally conducted a litigation review of the contents of the file and records pertaining to plaintiff's FOIA request. *Id.* ¶ 10.

provisions. *See* 5 U.S.C. § 552a(j)(2), (k); 28 C.F.R. § 16.98(d). Generally, the DEA is authorized to disclose records contained in these systems "pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains or providing proof of death, unless disclosure of the record would be required under the [FOIA], or pursuant to the order of a court of competent jurisdiction." Little Decl. ¶ 18; *see* 5 U.S.C. § 552a(b).

To date, plaintiff has provided neither Mr. Ming's written consent to disclosure, proof of Mr. Ming's death, or a court order directing disclosure. Little Decl. ¶ 19. Accordingly, disclosure pursuant to the Privacy Act is not warranted.

### D. Disclosure Under the FOIA

Defendant asserts that Exemption 6 in conjunction with 7(C) protects from disclosure any information about Mr. Ming which may exist in DEA records. *See* Little Decl. ¶¶ 19, 22.

#### 1. Exemption 6

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Information that applies to a particular individual meets the threshold requirement for Exemption 6 protection. *See United States Dep't of State v. Washington Post Co.*, 456 U.S. 595, 601-02 (1982). The Court concludes from defendant's declaration that responsive records may include personnel or other similar files pertaining to a particular individual, Mr. Ming, such that Exemption 6 is implicated. *See* Little Decl. ¶ 16.

Exemption 6 requires "a balancing of the individual's right of privacy against the

preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976); *see United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 756 (1989); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (noting individual's significant privacy interest "in avoiding the unlimited disclosure of his or her name and address"), *cert. denied*, 494 U.S. 1078 (1990).

"Exemptions 6 and 7(C), though similar, are not coextensive." *Beck v. Dep't of Justice*, 997 F.2d 1489, 1492 (D.C. Cir. 1993). Generally, the language of Exemption 7(C) is broader than that of Exemption 6, and allows an agency to withhold categorically certain information in law enforcement records if its disclosure could reasonably be expected to constitute an unwarranted invasion of personal privacy, while Exemption 6 requires "a balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" *Dep't of the Air Force v. Rose*, 425 U.S. at 372 .

2.  Exemption 7(C)

Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Pratt v. Webster*,  673 F.2d 408, 413 (D.C. Cir. 1982).  In

assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

The DEA investigates "incidences involving the trafficking in controlled substances, dangerous drugs and precursor chemicals and the violators who operate at interstate levels; seize[s] and forfeit[s] assets derived from, traceable to, or intended to be used for illicit drug trafficking; cooperate[s] with counterpart agencies abroad and [] exchange[s] information in support of drug traffic prevention and control." Little Decl. ¶ 20.  These clearly are law enforcement functions, and records compiled in the course of carrying out such law enforcement functions properly are considered law enforcement records for purposes of Exemption 7(C).

If an individual is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a *Glomar* response, that is, a refusal to confirm or deny the existence of law enforcement records or information responsive to the FOIA request, on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy. *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976) (CIA refused to confirm or deny existence of secret vessel, the "Glomar Explorer"); *see Nation Magazine v. United States Customs Serv.*, 71 F.3d at 893; (*Glomar* response proper "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity"); *Sonds v. Huff*, 391 F.Supp.2d 152, 158 (D.D.C.

2005); *Greenberg v. United States Dep't of Treasury*, 10 F.Supp.2d 3, 24 (D.D.C. 1998) (*Glomar* response appropriate "if speaking directly even to the existence of the records would associate the individual named in the request with criminal activity"). Properly asserted, a *Glomar* response relieves an agency of its usual obligation to "provide detailed affidavits proving that it performed an adequate search for documents." *Greenberg v. United States Dep't of Treasury*, 10 F.Supp.2d at 24. However, an agency cannot "exempt from disclosure *all* of the material in an investigatory record solely on the grounds that the record includes some information which identifies a private citizen or provides that person's name and address." *Nation Magazine v. United States Customs Serv.*, 71 F.3d at 896 (emphasis in original).

 Here, the DEA neither confirms nor denies the existence of records pertaining to Mr. Ming on the ground that release of such information "can have a potentially stigmatizing or embarrassing effect on [him] and cause [him] to be subjected to unnecessary public scrutiny and scorn" by suggesting or confirming his involvement in or association with criminal activity. Little Decl. ¶ 24. The deficiency of defendant's submission, however, is its failure to establish whether all of the records at issue are law enforcement records to which Exemption 7(C) applies. Its declarant states only that, "to the extent that [relevant records] involve possible criminal offenses, [they] are criminal investigative records . . . compiled during criminal law enforcement investigations by DEA." *Id*. ¶ 21. A question remains, then, as to whether there might be relevant records which do not qualify as law enforcement records. Such records might include disciplinary information or personnel records, *see id*. ¶ 16, the disclosure of which does not pose the type of harm a *Glomar* response is designed to prevent.

Based on the current record, the Court cannot conclude that the DEA adequately demonstrates the absence of a genuine issue of material fact in dispute as to its compliance with the FOIA's requirements.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment [Dkt. #11] is DENIED WITHOUT PREJUDICE, and it is further

ORDERED that defendant's shall file a renewed dispositive motion by August 15, 2006, and it is further

ORDERED that the Clerk of Court shall mail a copy of the Memorandum Opinion and Order to plaintiff at his address of record.

SO ORDERED.


Date: June 30, 2006                                    /s/
                                                   COLLEEN KOLLAR KOTELLY
                                                   United States District Judge