UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS DEGLACE, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) Civil Action No. 05-2276 (CKK) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

    Defendant Drug Enforcement Administration, by and through its undersigned attorneys and pursuant to Rule 56 of the Federal Rules of Civil Procedure, respectfully renews its motion for summary judgment in this case brought by plaintiff pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Summary judgment is sought on the grounds that there are no material facts in dispute and that defendant is entitled to judgment as a matter of law.

    A supplemental statement of material facts as to which there is no genuine dispute and a memorandum of points and authorities with a supporting declaration is filed herewith.

    Plaintiff, who is proceeding pro se, is hereby advised that failure to respond to this motion may result in the district court granting the motion. See Fox v. Strickland, 837 F.2d 507, 509 (D.C. Cir. 1988). Plaintiff should also take notice that any factual assertions contained in the affidavits and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavits or other documentary evidence contradicting the assertions in the defendants' attachments. See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

August 15, 2006                          Respectfully submitted,

                                         /s/
                                         ────────────────────────────────
                                         KENNETH L. WAINSTEIN, D.C. BAR # 451058
                                         United States Attorney

                                         /s/
                                         ────────────────────────────────
                                         RUDOLPH CONTRERAS, D.C. BAR #434122
                                         Assistant United States Attorney

                                         /s/
                                         ────────────────────────────────
                                         PETER D. BLUMBERG, D.C. Bar # 463247
                                         Assistant United States Attorney
                                         United States Attorney's Office, Civil Division
                                         555 4th St., N.W.
                                         Washington, D.C. 20530
                                         (202) 514-7157

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARLOS DEGLACE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-2276 (CKK) |
| | ) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM IN
SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT**

**I.  PROCEDURAL HISTORY**

In this Freedom of Information Act ("FOIA") matter, 5 U.S.C. § 552, plaintiff Carlos Deglace seeks "information and records pertaining to DEA informant Steven F. Ming." See Complaint ("Comp.") at p.2. Defendant Drug Enforcement Administration ("DEA"), a subcomponent of the Department of Justice, has denied plaintiff's request for records under Exemptions b(6) and b(7)(C) of the FOIA.[1]

In February 2006, defendant moved for summary judgment. After full briefing by the parties the Court denied defendant's motion without prejudice by Memorandum Opinion and Order of June 30, 2006 ("Mem. Op."). In its Memorandum Opinion, the Court recognized that in cases where an individual requests information under the FOIA about a third party, the agency "may provide a Glomar response, that is, a refusal to confirm or deny the existence of law

---

[1] A full discussion of the administrative processing of plaintiff's request may be found in defendant's February 28, 2006 Motion for Summary Judgment. See Civ. A. No. 05-2276 (CKK), USDC PACER Dkt. No. 11. DEA's renewed motion addresses only the specific issue raised by the Court in its June 30, 2006 Memorandum Opinion and Order.

enforcement records or information responsive to the FOIA request, on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy." Mem. Op. at 7 (citing Phillippi v. Central Intelligence Agency, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976); Nation Magazine v. United States Customs Service., 71 F.3d 885, 893 (D.C. Cir. 1995); Sonds v. Huff, 391 F. Supp.2d 152, 158 (D.D.C. 2005)).

While acknowledging the propriety of providing a Glomar response as a general proposition, the Court denied summary judgment based on the submitted record before it, holding:

> The deficiency of defendant's submission, however, is its failure to establish whether all of the records at issue are law enforcement records to which Exemption 7(C) applies. Its declarant states only that, "to the extent that [relevant records] involve possible criminal offenses, [they] are criminal investigative records . . . compiled during criminal law enforcement investigations by DEA." [Declaration of William Little] ¶ 21. A question remains, then, as to whether there might be relevant records which do not qualify as law enforcement records. Such records might include disciplinary information or personnel records, see id., the disclosure of which does not pose the type of harm a Glomar response is designed to prevent.

Mem. Op. at 8. The Court invited defendant to file a renewed motion in the order accompanying the opinion Id. (providing until August 15, 2006 within which to file a renewed Motion).

**II.   ARGUMENT**

The Court denied defendant's initial motion for summary judgment on the basis that DEA had failed to account for the possibility the agency might have records about Mr. Ming that are not covered by FOIA Exemption 7(C). See Mem. Op. at 8. Defendant would first respond through noting that Mr. Deglace's FOIA request appears specifically targeted toward obtaining

law enforcement records concerning Mr. Ming, who was identified by plaintiff as an "informant." Comp., Exhibit A. The FOIA request seeks:

    a.    Criminal history, record of arrests, convictions, warrants or other pending criminal cases involving Mr. Ming;

    b.    All case names, case numbers and judicial district, federal, state or local, where Mr. Ming has testified under oath;

    c.    All instances where the Drug Enforcement Administration has intervened on Mr. Ming's behalf;

    d.    All administrative sanctions imposed upon Mr. Ming by DEA for any dishonesty, false claims or other deceit or behavior that DEA has deemed inappropriate.

Complaint, Ex. A. In light of Mr. Deglace's inclusion of these subcategories of documents as examples of the type of records he was seeking, DEA interpreted the request as one seeking criminal investigative records, and disciplinary and/or personnel records associated with an individual who cooperated with DEA in the context of criminal investigations. See Supplemental Declaration of William C. Little, Jr. ("Supp. Little Dec.") at ¶ 4 (Reply Ex. A).

      In its opening motion for summary judgment DEA identified three systems of records in which documents responsive to Delgace's FOIA request would likely be maintained: the DEA Investigative Reporting and Filing System ("IRFS") (JUSTICE/DEA-008), the DEA Planning and Inspection Division Records (JUSTICE/DEA-010), and the DEA Operations Files. See Mem. Op. at 4 (citing Declaration of William Little ("Little Dec.") at ¶ 16). The IRFS contains criminal investigative information, and the Operations Files contain information related to the identity and conduct of confidential sources. See Supp. Little Dec. at ¶ 5, 7. Thus, with respect to these two systems of records, assuming arguendo that DEA did have documents that related to Mr. Ming and were responsive to plaintiff's request, those records would be quintessential law

enforcement information to which exemption 7(C) applies and for which a Glomar response is appropriate.

The third system of records – the Planning and Inspection Division Records – contain information regarding disciplinary and personnel type matters that relate to the conduct or the misconduct of both DEA employees and other individuals while involved in any DEA activity. Supp. Little Dec. at ¶ 6.  Through the Supplemental Declaration of William Little, DEA has now confirmed that despite plaintiff's contention that Mr. Ming began "DEA employment 1987" Comp., Ex. A., there is no record that Stephen Ming was ever appointed to the civil service as an employee of DEA.  Supp. Little Dec. at ¶ 6; see also 5 U.S.C. § 2105(a) (defining the term employee).  While it is possible that Mr. Ming may have been engaged in an activity connected with DEA or a DEA activity that required a managerial or personnel type investigation for which there might be records in the Planning and Inspection Record system (such as cooperation with DEA, see Supp. Little Dec. at ¶ 3), DEA cannot, consistent with its Glomar response, confirm or deny the existence of such records.  See id.  DEA can only confirm that there is no record of Mr. Ming as a civil service employee of DEA, and thus, there are no non-law enforcement records concerning him.

## III.    CONCLUSION

Wherefore, defendant requests that its renewed Motion for Summary Judgment be granted, that judgment be entered for defendant, and that this matter be dismissed with prejudice.

August 15, 2006                    Respectfully submitted,

                                              /s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

                                              /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

                                              /s/
PETER D. BLUMBERG, D.C. Bar # 463247
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th St., N.W.
Washington, D.C.  20530
(202) 514-7157

### **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 15th day of August, 2006, I caused the foregoing Motion for Summary Judgment to be served on plaintiff *pro se*, postage prepaid and addressed as follows:

Carlos Deglace
#04228-017
Coleman Federal Correction Institution
Unit B3
P.O. Box 1031
Coleman, FL 33521

                                                /s/
                                      PETER D. BLUMBERG
                                      Assistant United States Attorney