UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
OCT 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CARLOS DEGLACE,
    Plaintiff,

v.                                    Civil Action No. 05-2276(CKK)

DRUG ENFORCEMENT ADMINISTRATION,
    Defendant.

_____

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT

In this case, the Court denied defendant's summary judgment because of its "failure to establish whether all of the records at issue are law enforcement records to which Exemption 7(C) applies." Order of June 30, 2006 at 8. The Court also questioned "whether there might be relevant records which do not qualify as law enforcement records." Id. The Court described those records as "disciplinary information or personnel records" which may "not pose the type of harm a Glomar response" would cause if released. Id. The Court directed the defendant to take further action to defend the withholding of records pursuant to 7(C) by filing a renewed dispositive motion. Order at 9.

Defendant then renewed its motion for summary judgment,[1] explaining that while it may not release criminal investigative information which are maintained under the DEA Investigative Reporting and Filing

_____

1. On September 8, 2006, Plaintiff submitted a motion for extension of time (until October 15, 2006) to response to Defendant's renewed summary judgment.

System("IRFS")(JUSTICE/DEA-008) and the DEA Operations Files; however, it may release "information regarding disciplinary and personnel type matters that relate to the conduct or the misconduct of both DEA employees and other individuals while involved in any DEA activity." Def.'s Renewed Motion, at 4 Although there is no record of Stephen Ming being appointed to the civil service as an employee of DEA, the Defendant concedes that "Ming may have engaged in an activity connected with DEA that required a managerial or personnel type investigation for which there might be records in the Planning and Inspection Record System(such as cooperation with DEA)." Id. Undoubtedly, Ming has engaged in activities connected with the DEA, at least four times. Pl.'s Affd., Exh.9,2 In most cases, Ming was under the control of Agent McLaurin. Therefore, any information which is maintained in the Planning and Inspection Record System, regarding personnel record/disciplinary action filed against Ming or Agent McLaurin for misconduct, should be released.

## CONCLUSION

For the reasons set forth above, in Plaintiff's Opposition to Defendant's Renewed Motion For Summary Judgment and in Plaintiff's original opposition motion along with an affidavit, Plaintiff respectfully requests that the Court deny Defendant's summary judgment.

Dated: October 11, 2006               Respectfully submitted,

                                      Carlos Deglace, pro se
                                      Reg.No. 04428-017/Unit B3
                                      Federal Correctional Complex Low
                                      P.O. Box 1031
                                      Coleman, Florida 33521

## CERTIFICATE OF SERVICE

I CERTIFY that a copy of the foregoing Opposition Motion has been forwarded by placing same in the Institution mail box, addressed and postage prepaid on this 11th day of October 11, 2006, to:

Peter D. Blumberg
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W., 10th Floor
Washington, D.C. 20530

*Carlos Deglace*

3