UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| CARLOS DEGLACE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 05-2276 (CKK) |
| DRUG ENFORCEMENT ADMINISTRATION, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

This matter is before the Court on defendant's renewed motion for summary judgment. Having considered the motion, plaintiff's opposition, and the record of this case, the Court will grant summary judgment for defendant.

I.  BACKGROUND

Plaintiff submitted a request to the Drug Enforcement Administration ("DEA") pursuant to the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, for information pertaining to a DEA informant, Steven Francis Ming. Complaint ("Compl.") at 1 & Ex. A (FOIA request) at 1-2. DEA staff construed plaintiff's FOIA request "as a request for criminal investigative records, and disciplinary and/or personnel records associated with an individual who cooperated with DEA in the context of criminal investigations."[1] Defendant's Memorandum in Support of

---

[1] Previously, the DEA described its interpretation of plaintiff's FOIA request as a request for "investigative, disciplinary and personnel records related to a third party, and information relative to an individual's status as a confidential source." Memorandum in Support of Motion for Summary Judgment, Little Decl. ¶ 16.

Renewed Motion for Summary Judgment ("Def.'s Renewed Mot."), Supplemental Declaration of William C. Little, Jr. ("Supp. Little Decl.") ¶ 4. In order for DEA to process plaintiff's request, he was required to submit either proof of Mr. Ming's death or a notarized authorization from Mr. Ming for the release of records to plaintiff. Compl., Ex. B (August 20, 2004 letter from K.L. Myrick, Chief, Operations Unit, FOI/Records Management Section, DEA). Without confirming or denying the existence of records pertaining to Mr. Ming, the DEA declined to process plaintiff's request. *Id.* Plaintiff filed an administrative appeal to the Justice Department's Office of Information and Privacy ("OIP"). Little Decl. ¶ 14 & Ex. C (October 10, 2004 letter to Co-Director, OIP). After consultation between DEA and OIP staff, the DEA conducted a search for records responsive to plaintiff's FOIA request. *Id.*, Ex. D (August 4, 2005 letter from R.L. Huff, Co-Director, OIP). Relying on FOIA Exemption 7(C), the DEA withheld all responsive records in full.[2] *Id.*

In its first motion for summary judgment, the DEA argued, and the Court concurred, that disclosure of records under the Privacy Act was not warranted for plaintiff's failure to provide proof of death or a privacy waiver. The alternative basis for disclosure, then, would be under

---

[2] Neither of the DEA's dispositive motions describes the search conducted at the agency level, and the record does not indicate the results of that search. The adequacy of the search is irrelevant in this case, however, because the agency's declarations are sufficient to support its refusal to confirm or deny the existence of responsive records. *See Wheeler v. Cent. Intelligence Agency*, 271 F.Supp.2d 132, 141 (D.D.C. 2003) (adequacy of search is irrelevant to Glomar response because "issue is whether the Agency has given sufficiently detailed and persuasive reasons for taking the position that it will neither confirm nor deny the existence or non-existence of any responsive records"); *Nayed v. Immigration and Naturalization Serv.*, No. 91-805, 1993 WL 524541, *3 (D.D.C. Nov. 23, 1993) (where CIA properly refused to confirm or deny the existence of records, "the Court need not examine whether the search was adequate"); *see also Hayden v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir. 1979) (*in camera* review of records unnecessary and inappropriate where agency's affidavits sufficient), *cert. denied*, 446 U.S. 937 (1980).

FOIA.

## II. DISCUSSION

### *A. Glomar Response*

If an individual is the target of a FOIA request, the agency to which the FOIA request is submitted may provide a Glomar response, that is, a refusal to confirm or deny the existence of law enforcement records or information responsive to the FOIA request, on the ground that even acknowledging the existence of responsive records constitutes an unwarranted invasion of the targeted individual's personal privacy. *Phillippi v. Central Intelligence Agency*, 546 F.2d 1009, 1014-15 (D.C. Cir. 1976) (CIA refused to confirm or deny existence of secret vessel, the Hughes Glomar Explorer); *see Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 893 (D.C. Cir. 1995) (deeming Glomar response appropriate "if confirming or denying the existence of the records would associate the individual named in the request with criminal activity"); *Sonds v. Huff*, 391 F.Supp.2d 152, 158 (D.D.C. 2005), *aff'd*, 2006 WL 3093808 (D.C. Cir. June 22, 2006), *cert. denied*, __ U.S. __, 127 S.Ct. 1040 (2007).  Properly asserted, a Glomar response relieves an agency of its usual obligation to "provide detailed affidavits proving that it performed an adequate search for documents." *Greenberg v. United States Dep't of Treasury*, 10 F.Supp.2d 3, 24 (D.D.C. 1998.  "When the Agency's position is that it can neither confirm nor deny the existence of the requested records, there are no relevant documents for the court to examine other than the affidavits which explain the Agency's refusal." *Phillippi*, 546 F.2d at 1013.

In this case, the DEA provides a Glomar response, arguing that to confirm or deny the existence of responsive records pertaining to Mr. Ming would cause harms recognized under

3

FOIA's Exemption 7(C).[3]  *See* Def.'s Mot. at 6-13.

### B.  Exemption 7(C)

#### 1.  Law Enforcement Records

FOIA's Exemption 7 protects from disclosure "records or information compiled for law enforcement purposes," but only to the extent that disclosure of such records would cause an enumerated harm.  5 U.S.C. § 552(b)(7); *see Fed. Bureau of Investigation v. Abramson*, 456 U.S. 615, 622 (1982).  In order to withhold materials properly under Exemption 7, an agency must establish that the records at issue were compiled for law enforcement purposes, and that the material satisfies the requirements of one of the subparts of Exemption 7.  *See Keys v. United States Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987); *Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).  In assessing whether records are compiled for law enforcement purposes, the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Dep't of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted).

The DEA is a component of the United States Department of Justice and has as its

---

[3]     Although the DEA argued that Exemption 6 in conjunction with Exemption 7(C) protected the relevant records, it focused on the broader of the two exemptions, Exemption 7(C). *See* Def.'s Mot. at 6; Def.'s Reply at 2 n.2.  Both Exemptions 6 and 7(C) call for the balancing of privacy interests against any asserted public interest in disclosure of records pertaining to a third party, and the analysis is the same under both exemptions. *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993); *Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (analysis set forth in *Reporters Committee* on balancing personal privacy interest and public interest controlling in case involving Exemption 6), *cert. denied sub nom. Nat'l Ass'n of Retired Fed. Employees v. Newman*, 494 U.S. 1078 (1990); *Sonds v. Huff*, 391 F.Supp.2d 152 at 158.

principal function the "enforcement of criminal laws, specifically those activities related to the illicit trafficking in controlled substances and chemicals." Supp. Little Decl. ¶ 2. To that end, the agency's activities "include police efforts to prevent, control, or reduce crime or to apprehend criminals involved in the illicit trafficking in controlled substances and chemicals." Id. ¶ 3.

Records pertaining to criminal investigations would be maintained in the DEA Investigative Reporting and Filing System (JUSTICE/DEA-008), and information regarding "disciplinary and personnel type matters that relate to conduct or the misconduct of both DEA employees and other individuals while involved in any DEA activity, criminal and/or administrative," would be maintained in DEA Planning and Inspection Division Records (JUSTICE/DEA-010).[4] Id. ¶¶ 5-6. Information pertaining to a confidential source would be maintained in the DEA Operations Files (JUSTICE/DEA-011). Id. ¶ 7.

In light of the plain language of plaintiff's FOIA request and the DEA's law enforcement function, defendant establishes that, if any records responsive to plaintiff's FOIA request exist, those records would be maintained in the Investigative Reporting and Filing System, the Planning and Inspection Division Records, or the Operations Files. These systems contain records compiled for law enforcement purposes to which Exemption 7 applies.

### 2. Mr. Ming's Privacy Interest

Exemption 7(C) protects from disclosure information in law enforcement records that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5

---

[4] Mr. Ming was not a DEA civil service employee. Supp. Little Decl. ¶ 8. Only if he were engaged in DEA activity that "required a managerial or personnel type investigation" would there be responsive records in the Planning and Inspection Records system. Id.

U.S.C. § 552 (b)(7)(C). In determining whether this exemption applies to particular material, the Court must balance the interest in privacy of individuals mentioned in the records against the public interest in disclosure. *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 776 (1989) (requiring court to "balance the public interest in disclosure against the interest Congress intended [Exemption 7(C)] to protect"); *Beck v. Dep't of Justice*, 997 F.2d 1489, 1491 (D.C. Cir. 1993). "The privacy interest at stake is substantial." *SafeCard Serv., Inc. v. Securities and Exchange Comm'n*, 926 F.2d 1197, 1205 (D.C. Cir. 1991).

      As a preliminary matter, the Court concludes that Mr. Ming's privacy interest is implicated with regard to any records at issue. *See Albuquerque Publ'g Co. v. United States Dep't of Justice*, 726 F.Supp. 851, 855 (D.D.C. 1989) (noting that Court's "preliminary inquiry is whether a personal privacy interest is involved"). Individuals have a "strong interest in not being associated unwarrantedly with alleged criminal activity." *Stern v. Fed. Bureau of Investigation*, 737 F.2d 84, 91-92 (D.C. Cir. 1984). For this reason, the names of and identifying information about third parties who are mentioned in law enforcement records routinely are withheld. *E.g., Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 552 (6th Cir. 2000) (concluding that agency properly withheld identifying information on agents, personnel, and third parties after balancing privacy interests against public interest in disclosure), *cert. denied*, 534 U.S. 1134 (2002); *SafeCard Serv., Inc.*, 926 F.2d at 1206 (holding that "names and addresses of private individuals appearing in files within the ambit of Exemption 7(C) [are] exempt from disclosure"); *see also Computer Professionals for Social Responsibility v. United States Secret Serv.*, 72 F.3d 897, 904 (D.C. Cir. 1996) ("records contain[ing] the names of informants, witnesses, and potential suspects who are relevant to its criminal investigation . . . clearly fall

within the scope of Exemption 7(C)").

The three systems of records relevant here "generally relate to and contain the names and other identifying information" about "individuals who were involved or associated with criminal activity." Little Decl. ¶ 24.  If the DEA were to acknowledge the existence of law enforcement records pertaining to Mr. Ming, the agency links Mr. Ming to criminal activity.  "The release of such information can have a potentially stigmatizing or embarrassing effect on [Mr. Ming] and cause [him] to be subjected to unnecessary public scrutiny and scorn." *Id.*

### 3. Public Interest in Disclosure

Weighed against Mr. Ming's privacy interest is the public interest in disclosure.  The disclosure of the name of a private individual mentioned in law enforcement files would serve a significant public interest only where "there is compelling evidence that the agency denying the FOIA request is engaged in illegal activity," and that the information sought "is necessary in order to confirm or refute that evidence." *Davis v. United States Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992).

#### a. Alleged Misconduct of DEA Agent McLaurin

Plaintiff argues that "the public interest in shedding light on the DEA's illegal activities" outweighs Mr. Ming's personal privacy interest.  Pl.'s Opp'n at 3.  He asserts that DEA Special Agent Brian McLaurin "has neglected his duties, violating agency procedure or law pursuant to the DEA Agent Manual as an informant handler." *Id.* at 6.  He seeks information from the DEA's records in order to "confirm . . . McLaurin's misconduct in relation to [Mr. Ming] and others . . . where Agent McLaurin has utilized Ming with other government informants to commit perjury and/or fabricate evidence against criminal defendants." *Id.* at 4.  In support of his

argument, plaintiff produces affidavits, copies of records pertaining to Mr. Ming's criminal history, excerpts of transcripts, and other documents in an effort to show that Special Agent Brian McLaurin induced informants' cooperation by providing them special treatment. For example, Special Agent McLaurin allegedly allowed informants to have contact visits with wives, ex-wives or girlfriends at his office, bought them meals, and testified as to the value of their assistance in the hope that they would receive lighter sentences in their respective criminal cases. *See, e.g.*, Pl.'s Opp'n, Deglace Aff. & Ex. 9 (excerpt of transcript, Florida v. Ming, Case Nos. 92-1679, 94-331, 96-1093), Ex. 10 (Riley Aff.).

Plaintiff "must establish more than a bare suspicion in order to obtain disclosure. Rather, [he] must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Nat'l Archives and Records Admin. v. Favish*, 541 U.S. 157, 173 (2004). He must show both that the "public interest sought to be advanced is a significant one," and that "the information is likely to advance that interest." *Id.* at 172. Plaintiff does not meet his burden.

Plaintiff requests information about the informant, not the Special Agent. At most, disclosure of the requested records might reveal the misconduct, if any, of one DEA Special Agent with respect to one informant. This purported public interest does not outweigh Mr. Ming's privacy interest, particularly where it appears that plaintiff seeks the information in order to attack his conviction or sentence. *See Oguaju v. United States*, 378 F.3d 1115, 1116 (D.C. Cir.) (concluding that requester produced no evidence to warrant reasonable person's belief of Justice Department's mishandling of request for Brady materials), *opinion amended and reh'g denied*, 386 F.3d 273 (D.C. Cir. 2004), *cert. denied*, 544 U.S. 983 (2005); *Neely v. Fed. Bureau*

*of Investigation*, 208 F.3d 461, 464 (4th Cir. 2000) (requester's desire to establish indirectly his own innocence is not a FOIA-cognizable public interest because the innocence of a particular defendant in a particular case tells nothing about matters of substantive law enforcement policy that are properly the subject of public concern); *Kimberlin v. Dep't of Justice*, 139 F.3d 944, 948-49 (D.C. Cir.) (privacy interest of staff-level government lawyer outweighed any insight the public might gain upon release of investigative file pertaining to his alleged unauthorized or illegal release of information to press), *cert. denied*, 525 U.S. 891 (1998).

### b. Public Domain

In the alternative, plaintiff argues that the information he seeks must be released because it "is already in the 'public domain.'" Pl.'s Opp'n at 6.

Under the public domain doctrine, records which otherwise may be exempt from disclosure under the FOIA "lose their protective cloak once disclosed and preserved in a permanent public record." *Cottone v. Reno*, 193 F.3d 550, 554 (D.C. Cir. 1999). This is because "where information requested 'is truly public, then enforcement of an exemption cannot fulfill its purposes.'" *Id.* (quoting *Niagara Mohawk Power Corp. v. United States Dep't of Energy*, 169 F.3d 16, 19 (D.C. Cir. 1999)). A plaintiff who seeks disclosure of such records bears "the initial burden of pointing to specific information in the public domain that appears to duplicate that being withheld." *Afshar v. Dep't of State*, 702 F.2d 1125, 1130 (D.C. Cir. 1983); *see Davis*, 968 F.2d at 1280 (plaintiff must "point to specific information identical to that being withheld").

Plaintiff's effort fails, however, because he does not point to any specific record, document or information that is identical to what is being withheld under the claimed exemption. His ability to produce documents tending to support particular assertions does not satisfy his

"burden of showing that there is a permanent public record of the exact" information he seeks. *Davis*, 968 F.2d at 1279. Accordingly, there is no showing from which the Court can conclude with any confidence that the information sought by plaintiff truly is in the public domain.

The DEA's assertion of a Glomar response is proper because Mr. Ming has not consented to disclosure and "disclosure of any records that might exist would not be informative of the performance of the [DEA]." *Schwarz v. United States Dep't of Treasury*, 131 F.Supp.2d 142, 150 (D.D.C. 2000), *aff'd*, No. 00-5453, 2001 WL 674636 (D.C. Cir. May 10, 2001).

### III. CONCLUSION

For the foregoing reasons, the Court will grant defendant's renewed motion for summary judgment. An Order consistent with this Memorandum Opinion will be issued separately.

Date: February 15, 2007                   /s/
                                          COLLEEN KOLLAR KOTELLY
                                          United States District Judge